WINFIELD and another *vs.* MAPES and others, superintend- ents of the poor of the county of Orange.

n an action for bringing a poor person from without this state into any town or county within it, with intent to make such town or county chargeable with his support, contrary to *Stat.* 1831, *p.* 346, § 1, it is no defence that the pauper formerly had a legal settlement in the place to which he was brought, and had not subsequently gained one elsewhere, and that the defendants acted, in the removal, as public officers of another state in conformity with the laws of such state.

ERROR to Orange C. P. The superintendents sued Winfield and Middaugh before a justice to recover a penalty of $50, for bringing Leah Giggey, a poor person, from the state of Pennsylvania into the town of Deerpark, Orange county, in this state, and leaving her there, with intent to make the town of Deerpark chargeable with the support of the pauper, contrary to the *Statute of* 1831, *p.* 346, § 1. The cause went to the C. P. by appeal. On the trial there, the plaintiffs proved their case. The defendants proved, and offered evidence, which was rejected tending to prove, that the pauper, many years before, had a legal settlement in the said town of Deerpark, and that although she had resided for many years last past in Pennsylvania, she had never gained a legal settlement in that state: and that the defendants, who resided and were overseers of the poor in Pennsylvania, brought the pauper into this state by virtue of an order of removal made by two justices of the peace in Pennsylvania, acting in pursuance of a statute of that state. The court so ruled that the plaintiffs had a verdict and judgment for the penalty of $50; and the defendants bring error on a bill of exceptions.

*Westcott & Gidney*, for the plaintiffs in error.

*Fullerton & Fowler*, for the defendants in error.

*By the Court*, BRONSON, Ch. J. It is not necessary to inquire whether the rejected evidence was competent, nor whether the abstract opinions which the court expressed to the jury were correct; for if the defendants had made out their whole case by competent evidence, it would not have been a good answer to the action. It would only have proved that the pauper formerly had a legal settlement in this state, and that after she had resided many years in Pennsylvania, without gaining a settlement there, she was brought into this state at the time in question by the defendants, while acting under and in pursuance of a statute of the state of Pennsylvania. Our statute fully covers the case. The words are, "any person who shall bring or remove, or cause to be brought or removed, any poor

or indigent person from any place without this state, into any county or town within it, and there leave, or attempt to leave, such person, with intent to make such county or town chargeable with the support of such pauper, [he] shall forfeit and pay fifty dollars, to be recovered before any justice of the peace," &c. That the pauper was brought here with intent to make the town of Deerpark chargeable with her support, is not denied ; and it is a matter of no importance that her last legal settlement was in that town, nor that she was carried there by persons acting under the authority of another state. The statute makes no such exception, and we have no power to make one. I hardly need say that the statutes of Pennsylvania can have no force within our limits, when they come in direct conflict with our own legislation. We had abandoned the practice which at one time prevailed, of sending paupers who had gained no settlement here, to the state where they had a legal settlement; and as the legislature had determined to provide in future for all the poor within our limits, they intended that other states, so far as we are concerned, should do the same.

Judgment affirmed.