## PHILIP DUTCHER vs. GRANVILLE SLACK.

An amendment, by adding a party to a pleading, may be made under the 149th section of the code, if it does not change *substantially the cause of action or defence,* and it appears that it will be "*in furtherance of justice.*"

Where, in an action to recover for the transportation of a quantity of corn from Oswego to Albany, it appeared at the hearing, (the cause having been brought to a hearing before a referee in Aug. last,) that another person was jointly interested with the Plaintiff in the profits of the transportation for that trip; *held*, that the Plaintiff might amend his declaration, by adding the name of the person thus interested, as Plaintiff, (on terms—the plea being the general issue.)

*At chambers, Nov.* 3, 1848. Before HARRIS, Justice.—The Plaintiff brought his action to recover for the transportation of a quantity of corn from Oswego to Albany. The suit was commenced in April, 1848. The Defendant pleaded the general issue, and the cause was referred and brought to a hearing before the referee on the 4th of August. Upon the hearing, it appeared that one Willliam Benedict was jointly interested with the Plaintiff in the profits of the trip when the corn in question was transported. When this fact was disclosed, the Plaintiff's counsel proposed to amend his declaration by adding the name of Benedict as a Plaintiff. This proposition was declined, but the Defendant's counsel proposed that the trial should proceed, with liberty to the Plaintiff to make his application for an amendment after the trial should be concluded. The Plaintiff's counsel declined proceeding with the trial, and moved for an adjournment, to enable him to make his motion to amend, which was granted. He now moves for leave to amend his declaration by adding the name of Benedict as a co-plaintiff therein.

    J. K. PORTER, *for Plaintiff.*
    H. G. WHEATON, *for Defendant.*

HARRIS, Justice.—The 149th section of the code authorizes the court,

at any stage in the progress of an action, to amend any pleading or proceeding by *adding* or striking out *the name of any party*, or by correcting a mistake in the name of any party, or mistake in any other respect, or by inserting other allegations material to the case, or *by conforming the pleading* or proceeding *to the facts proved* whenever such amendment shall not change substantially the cause of action or defence. The very terms of the section are sufficient to show that it was the intention of the framers of the code to endow the court with the most enlarged discretionary power in granting amendments. The only proper inquiry for the court is whether the amendment proposed will *change substantially the cause of action or defence*, or if not, whether it will be "*in furtherance of justice*" to allow it. In this case, it cannot be pretended that by adding the name of Benedict as a Plaintiff, the cause of action will be substantially changed. The object of the suit will remain what it was before—the recovery of any sum due from the Defendant for the transportation of a certain quantity of corn—nor will it substantially change the defence. To say that it deprives the Defendant of that branch of his defence which rests upon the non-joinder of Benedict as a party, and that therefore the amendment would materially change the defence, would be, in effect, to declare that no amendment could be made by adding the name of a Plaintiff. In this case, I think, too, it will be in furtherance of justice to allow the amendment. The motion is therefore granted upon payment of the costs of hearing before the referee to be taxed. The Plaintiff having offered to pay those costs, if the Defendant would consent to the amendment, should not, I think, have costs for resisting this motion. The amendment to be made without prejudice to the proceedings before the referee.