Gates *v.* Ward.

The judgment of the circuit court must be reversed and a new trial ordered. Costs to abide the event.

[FULTON GENERAL TERM, January 2, 1854. *Hand, Cady* and *C. L. Allen*, Justices.]

———————•◆•———————

## I. R. GATES and A. GATES, jun. *vs.* WARD.

After a justice's court has allowed an amendment, by striking out the name of one of two plaintiffs in an action for a tort, it has no power, if objected to, at a subsequent day, to restore him again as a co-plaintiff.

And the defendant will not waive the objection by consenting to a subsequent motion to amend the complaint, or by going to trial.

Whether a justice of the peace has power to strike out one of several plaintiffs? *Quære.*

Where a suit was commenced in a justice's court by personal service of a summons, and both parties appeared, and the plaintiff declared on a note for $100, and the defendant consented that judgment might be rendered against him for the amount of the note, the judgment was held valid, without an affidavit of the amount due, or confession in writing, or proof.

THIS was an appeal from a judgment of the county court of St. Lawrence county, affirming that of a justice. The action was to recover the value of a pair of steers taken and sold by the defendant as deputy sheriff, on an execution in favor of one G. W. against Arba Gates, jun., the former owner of the cattle. The plaintiffs claimed them as purchasers from J. Gates, who bought them on a constable's sale upon executions issued upon two judgments in favor of Abram Gates against Arba Gates, sen. One of the judgments was for $100, and the other for $50. Both were rendered on the same day, and each upon a note. A summons had been served in each case, and on the return day both parties appeared, and the plaintiff in those suits declared upon a note in each case, and the defendant therein, Arba Gates, sen., consented that the plaintiff should take judgment.

The present suit was commenced in the name of both of the plaintiffs, Isaac R. Gates and Arba Gates, jun., but on the return

Gates *v.* Ward.

day of the summons, their counsel moved to amend the summons and proceedings so as to "drop the name of Arba Gates, jun., as one of the plaintiffs, leaving I. R. Gates as sole plaintiff." The defendant objected, but the amendment was allowed, the court giving the defendant the privilege of an adjournment, but he did not ask an adjournment. A complaint in writing was then made, in the name of the plaintiff Isaac alone, in two counts, the first in the nature of trover, and the second of trespass *de bonis asportatis*, and claiming $70 damages; to which the defendant answered; and the plaintiff moved for an adjournment, to which the defendant consented. On the adjourned day, the plaintiff moved to restore the name of Arba Gates, jun., as one of the plaintiffs, on the ground that his attorney had been misinformed of certain facts at the time of joining the issue, to which the defendant objected; but the motion was granted, with leave to the defendant to amend his answer, and have a further adjournment if he wished; but he made no amendment, nor did he ask for an adjournment. The plaintiff then moved to amend his complaint, to which motion the defendant consented; and a complaint entitled in the name of both plaintiffs was put in against the defendant, for coming on to their premises and driving away and selling and converting to his own use the property in question; and thereupon the cause was tried and judgment rendered for the plaintiffs. These facts are sufficient for an understanding of the grounds upon which the case turned in this court.

*W. C. Cooke*, for the defendant.

*C. Rich*, for the plaintiffs.

*By the Court*, HAND, P. J. Several objections to the recovery below have been made by the counsel for the appellants, two of which, only, I shall notice. I do not think the judgments obtained by Abram Gates against Arba Gates, sen., were void. A summons in each case was issued, and personally served; and on the return day the parties appeared. The plaintiff in each case made his complaint upon a note, and the defendant, in open

court, consented that judgment should be rendered for the amount. If the proceedings were merely colorable, and to defraud the creditors of the pretended debtor, they are void as against them. But the justice who tried this cause found these judgments were *bona fide*, and we cannot say, as matter of law, that the evidence does not sustain his conclusions. As the defendant was brought into court by due process of law, and the complaint specified the note upon which the suit was brought, and the defendant answered, consenting that judgment might be entered for the amount of the note, no affidavit or proof or confession in writing was necessary. The case was not within the 8th subdivision of § 53 of the code. It has been supposed most advisable that there shoud be a confession in writing, or an affidavit, as the case may be, in all cases. (1 *Cowen's Tr.* 487.) But the judgments were rendered in suits brought in the ordinary way ; the proceedings were *in invitum ;* the justice had no jurisdiction for an amount exceeding $100 ; and any proof of indebtedness would have been merely supererogatory.

But the justice erred in granting the motion to make A. Gates, jun., a co-plaintiff after the proceedings had been amended on motion of both plaintiffs, by striking out his name. After that, he was no longer a party to the suit, but stood in the same relation to it as any stranger to the record. I doubt the power of the justice to grant the first amendment. Even this court, before the code, in acting at law, though a mistake in the name of a party could have been corrected, could not as a general rule— especially after declaration—change the parties plaintiff. ( *Willink* v. *Renwick*, 32 *Wend.* 608. *Com. Co.* v. *Russ*, 8 *Cowen*, 122. *And see Atkinson* ads. *Clapp*, 1 *Wend.* 71 ; *Roberts* v. *Bates*, 6 *A. & E.* 778.) In a very few cases, official assignees, co-executors, &c. have been added ; and the character of the parties has been added or amended. ( *Christie* v. *Bell*, 16 *M. & W.* 669. *Baker* v. *Nearer*, 1 *Cr. & M.* 112. *Holland* v. *Phillips*, 10 *A. & E.* 151. *Lakin* v. *Watson*, 2 *Cr. & M.* 685.) But it was at least very unusual, to add a party. In equity this was often done. And so by the code, parties may be added or struck out in some cases. (§§ 173, 122, 274. *Dutcher* v.

Gates *v.* Ward.

*Slack*, 3 *How. Pr. Rep.* 322. *Brown* v. *Babcock, Id.* 305.) But I do not think courts of justices of the peace have the power assumed in this case. We have held that § 64 makes § 399 applicable to those courts, as a "rule of evidence." (*Falon* v. *Keese*, 8 *How. Pr. Rep.* 341.) And the rules prescribed by the code as to the necessary parties to an action, are applicable to them, so far as consistent with their constitution and duties. But the authority to amend by adding parties, is a different thing. It could not have been intended to give to them the same general power in this respect as is possessed by this court. The system is not adapted to the proper exercise of that power. Indeed I think § 173 is inapplicable to these courts. (*Code,* § 8.) Authority to amend pleadings is given by § 64. (*Sub.* 11. *And see* 1 *Barb. S. C. R.* 555; 4 *Denio,* 571.) Besides, it does not appear that Arba Gates, jun., was present, or had any thing to do with the motion to restore him in the suit, or consented to it. But I prefer to put the case on the broad ground of want of power.

The defendant did not waive his objections to these amendments by not resisting the motion to amend the complaint, or by going to trial. The amendment was principally as to the cause of action; and the change of the title was the natural consequence of the former error. If the court had been right in restoring the party, that was necessary and proper, and the motion to amend the title of the complaint should have been granted of course. The defendant had objected to the principal error, and if he did nothing to waive or cure that, it was not necessary to preserve his rights, that he should continue to object to every thing that followed, or refuse to make farther defense. (*Avery* v. *Flack,* 17 *Wend.* 87.)

The judgments of the county court and of the justice should be reversed.

Judgments reversed.