## BILLINGS *a.* BAKER.

*Supreme Court, Fourth District; Special Term, January,* 1858.

### AMENDMENT.—POWER OF REFEREE.

The provisions of section 272 of the Code, as amended in 1857,—clothing referees with power to allow amendments to any pleading,—do not authorize a referee to strike out the name of a party.

An alteration in the parties of an action is not an amendment of the pleadings.

A referee having allowed the name of a party to be struck out,—*Held,* that the error might be corrected on motion as well as by appeal.

Motion to set aside an order made by the sole referee, striking out the name of a party defendant on the trial.

The action was brought by one Amy Billings, a married woman, by her next friend, against Claudius Baker, Perry P. Billings, and others. The object of the action was a partition of real estate. The defendant Billings was the husband of the plaintiff.

The action was referred, and on the trial, the plaintiff was

offered as a witness in her own behalf. An objection was raised
to her competency as a witness, on the ground that her husband
was a party to the action. The referee sustained this objection.
The plaintiff's counsel then moved the referee for leave to
amend the complaint by striking out the name of the husband,
Perry P. Billings, as a defendant in the action, and produced
evidence to the referee to show that, since the commencement
of the action; Perry P. Billings had conveyed by deed all his
interest in the said estate as tenant by the courtesy initiate, to
the plaintiff's counsel, who, on the same day, conveyed the
same to the plaintiff. The argument of the motion was ad-
journed by consent of the parties present to another day; at
which time, after argument, the motion to strike out the name
of Perry P. Billings as a defendant was granted by the referee,
and ten days' time was given to plaintiff to make the amend-
ment, and serve an amended complaint.

The defendants now moved to set aside the order of the
referee.

*A. Pond,* for the motion.

*H. W. Merrill,* opposed.

POTTER, J.—This motion might perhaps be regarded as some-
what technical, under the liberal system of practice introduced
by the Code, if it did not involve the question of *power*. As a
question of power, then, it must be examined with caution.
That the Supreme Court is now vested with the power which
was exercised in this case by the referee, is beyond question.
It is conferred not only by the constitution, which gives them
general jurisdiction in law and equity, but also by express lan-
guage of the Code of Procedure (§ 173):—" The *court* may,
before or after judgment, in furtherance of justice, and on such
terms as may be proper, amend any pleading, *process*, or pro-
ceeding, *by adding or striking out the name of any party;* or
by correcting a mistake in the name of a party; or a mistake in
any other respect; or by inserting other allegations material to
the case; or when the amendment does not change substantially
the claim or defence, by conforming the pleading or proceeding
to the facts proved." This liberal feature in the practice was
an innovation upon the former practice of the court, if not

an addition to the *power* of it (22 *Wend.*, 608 ; 8 *Cow.*, 22).
Since the system of the Code was adopted, it has been the
practice, on application to the court in all proper cases, to allow
the name of a party to be struck out. (Turner *a.* Hillerline, 14
*How. Pr. R.*, 236.*)

But it is very certain that before the amendment to the Code
by the Legislature in 1857, no such power had ever been con-
ferred, or was claimed to be possessed by a *referee.* It is now
only claimed, as I understand it, by virtue of section 272 of the
Code, as amended in 1857.

The examination, then, which I propose to make is for the pur-
pose of determining the question, whether a referee possesses the
*power* claimed under this new provision, which, added to the
former power, reads as follows (*Code*, § 272) :—" They (the ref-
erees) shall have the same power to grant adjournments, *and*

---

* Turner *a.* Hillerline was decided in the Supreme Court, fourth district, special
term, May, 1856. The action was brought by the plaintiff, as assignee of one
Leavitt, to recover for services rendered to the defendants. The defendants were
sought to be charged as partners. Hillerline, the only one who was served, an-
swered, denying that Ford, the third defendant, was a copartner with the others,
and also setting up a counter-claim. It appearing on the trial before a referee
that Ford was not a partner, the case was adjourned to enable the plaintiff to
move the court to strike out his name as defendant.

PAIGE, J. (after citing the Code [§ 173], and Mayhew *a.* Robinson, 10 *How. Pr.
R.*, 162, in which it was said that a third party might be brought in as defendant
by amendment, and Bemis *a.* Bronson, 1 *Code R.*, 27, in which the name of a de-
fendant was stricken out.)—In this case the action is still pending before the
referee, and it appears by the evidence introduced that Ford was not a party to
the contract on which the action was brought. It is a proper case therefore for
the exercise of the power of amendment under section 173 of the Code. An or-
der may be entered striking out the name of the defendant Ford from the plead-
ings wherever it occurs therein.

As no new party is made to the action by this amendment, the order of refer-
ence should not be vacated by the amendment. The hearing must be continued
before the same referee, and all the testimony already taken, applicable to the
new state of the pleadings, must be deemed evidence in the action. Hillerline
may amend his answer in such manner as he shall be advised is proper; and if ne-
cessary the plaintiff may reply thereto.

It is not proper on this motion to consider whether the assignment of Leavitt
is sufficient to transfer his interest in the demand against Hillerline and Pachard.

The terms on which the amendment asked for is allowed, must be the payment
by the plaintiff to Hillerline of $10 costs of opposing this motion, and also $5
for proceedings before notice of trial, in case the defendant Hillerline amends his
answer. (Hare *a.* White, 3 *How. Pr. R.*, 296.) Hillerline is entitled to be indem-
nified for the additional expense to which he will be subjected by the amendment.

*to allow amendments to any pleadings,* as the court upon such
trial, *upon the same terms, and with like effect.*" By a com-
parison of the phraseology of these two sections (§§ 173, 272), a
very perceptible difference is seen to exist in the powers which
are expressly conferred thereby. Does not the language, then,
which is employed in section 272 *limit* the powers of the referee
to the purposes therein expressly enumerated? I think it does.
Referees, like all other inferior and subordinate tribunals, in
regard to questions of jurisdiction, are mere creatures of the
statute. Their powers in that respect are special and limited.
They possess no powers by implication, but are confined strictly
to the powers expressly conferred. It appears to me that the
rule of construing statutes which confer jurisdiction, must apply
to the powers so given to referees, to wit: the enumeration in
a statute of certain powers that are therein *expressly* conferred,
excludes by implication the exercise of all other powers not so
enumerated. "*Expressio unius est exclusio alterius.*" It is cer-
tain that the powers of *amending process,* and of *adding or stri-
king out a name of a party,* has not been anywhere, in *express*
terms, given to referees. It *has* been given to the *courts.* This
difference is so significant that it is improbable that the same
power was intended to be conferred, by a full expression of it
in language in the one case, and its entire omission to be ex-
pressed in the other. Keeping, then, this significant difference
in view, and giving to *express* language its proper meaning and
effect, can it be regarded as an *amendment* of a pleading to
strike out the name of a party? Properly speaking, the *name
of the party is no part of the pleading.* Striking out the name
of a party, therefore, *only changes the parties to the action, and
leaves the pleadings the same,* though between different parties.
A change or alteration of parties, in this sense, does not *amend
the pleading. Amendment of a pleading* implies an improve-
ment of it,—the making the pleading better *as a pleading*—the
making good that which before was defective in its form of
statement, or in making better the issues presented between the
same parties. A mere alteration of names cannot make the
pleading better—it may make it worse. The difference be-
tween an alteration of the *parties,* and an amendment of the
*pleading,* is palpable; and though both are included under the
general term "*amendments,*" the former is an amendment of

process, or of a proceeding, the power to perform which is exclusively in the *court ;* the power to perform the latter is permitted in certain cases to be exercised by a referee, and may also in *all* proper cases be exercised by the court. Nor would the change of parties in the *pleading* carry with it as a matter of course, in its effect, the same change of parties in the *process.* The effect of allowing this exercise of power, by the referee, would produce this strange anomaly in the case, that in the record to be made up, the judgment would not correspond with the process, which is required by section 281 to be attached to the roll ; nor with the complaint, as is required by section 142. What would be the legal effect of such a record, if offered in evidence, it is unnecessary now to decide. It is sufficient to say, that this practice would produce embarrassment, if not confusion. It is easily seen that the powers of referees have been essentially enlarged by the amendment of section 272. It has made an important, and, I doubt not, a very beneficial addition to their powers. They are now vested with all needful authority over the cause, over the issues, over the pleadings, and over the parties, to such extent as to preserve order, enforce obedience, and determine every thing which properly belongs *to the trial of the action.* The theory of the Code in this respect, as now amended, seems to be that the referee is to try the action which the court has sent to him, and may exercise therein the powers *expressly* enumerated ; but for every other purpose, the process in the action, and the parties to the action, remain in the court, and subject to its control.* (Turner *a.* Hillerline,

---

* In the case of Seeley and Jobson (First District, special term, March, 1858), it was held that the court may still punish for a contempt committed before a referee, although the offence was one that by the act of 1857 the referee had power to punish for.

In that case, upon the commission of the offence, which consisted in an assault during the trial before the referee, the referee adjourned the cause and reported to the court, and took an order to show cause why the defendants should not be committed for the contempt. On the return of the order, by consent of the parties, the court ordered a reference to ascertain the facts respecting the offence ; and on the coming in of the report, which found both the defendants guilty of contempt—

Mr. Schermerhorn, for the defendant Jobson, moved that the matter be sent back to the referee, before whom the contempt was committed, for his action. He referred to the statute (*Laws of* 1857, *ch.* 723), which provided that the court or officer before whom a matter was pending, and in which a contempt of court is

*supra.*) I therefore hold, that the words in section 272, "*and to allow amendments to any pleadings,*" are not broad and comprehensive enough to authorize the referee *to strike out the name of a party*. It could not have been the intention to clothe the referee with the exercise of all the powers, and jurisdiction over the process and parties, that is conferred upon the court.

The view I have taken of the power of referee to. amend, is strengthened by the decision of the court under section 172 of the Code. That section authorizes the party to amend his pleading once of course. By this provision the *party* himself is invested with the same power of amendment (to be once exercised) that is given to referees under section 272 ; and yet under this section (172), it has been held that the power of amendment did not extend to allow the party to add or strike out the name of a

committed, should immediately punish the parties; and he urged that this remedy was intended to be exclusive, and that the court had no power to order the parties into custody after they had been permitted to go from the place where the alleged offence was committed.

SUTHERLAND, J. (orally).—I shall not send the matter back to the referee before whom the offence was committed, but decide the matter on the affidavits and the testimony taken on the reference to ascertain the facts.

My associates and myself have examined the law thoroughly, and we are satisfied that the court has jurisdiction of the matter, and power to punish the parties.

The order of commitment must be granted.

Subsequently, one of the prisoners was brought before Judge Brady of the New York Common Pleas on a writ of *habeas corpus.*

Messrs. Hall and Vanderpoel, for the district attorney and the sheriff.

BRADY, J. (orally).—The only question here is as to the exclusive jurisdiction of the referee since the act of 1857, to commit for contempt in his presence, and whether the granting of this power did not deprive the court of jurisdiction in such a case.

*Clinton,* for the prisoner, argued this point. He also contended that as the commitment recited that the contempt was "in the immediate view and presence of the court," it was one that must have been punished summarily if at all.

BRADY, J. (orally).—Summary punishment is. only necessary where an attachment is issued in the first instance. It is otherwise where, as here, an order to show cause is taken. As to the. other objection, I am of opinion that the court has not, by the statute of 1857, lost its power concurrently and by original action to adjudicate upon contempts committed before referees. I am satisfied that the statute as to contempt was properly passed on by the Supreme Court, and that it is therefore my duty to remand the prisoner,

party. (Russell *v.* Spear, 3 *Code R.*, 189, S. C. 5 *How. Pr. R.*, 142.) So, too, by the eleventh subdivision of section 64, justices of the peace have the full and absolute power of amendment of the pleadings before them, whenever substantial justice will be thereby promoted. And yet it was held by the general term in this district, that a justice of the peace could not add the name of a party plaintiff, and *query*, whether one could be struck out. (Gates *a.* Ward, 17 *Barb.*, 424.) And in the case of Webster *a.* Hopkins, at general term in the eighth district (11 *How. Pr. R.*, 140), it was held that justices of the peace had no power to amend process or pleadings in an action between two or more defendants, on a joint contract, by striking out the name of a co-defendant, and rendering judgment against one, and in favor of the other. I have no doubt that the power of the *court* to amend the process or proceedings in an action exists independent of section 173 of the Code. It exists by virtue of its general jurisdiction on all actions and parties to actions. It would be a court of limited and restricted power without it. This section amounts to nothing more than an expression of the legislative will that the court should conform its practice to the liberal system then intended to be adopted. But we find nowhere else, and on no other tribunal, any such authority conferred. Had such powers been conferred upon referees, they would soon become a co-ordinate branch of the judiciary, and reporters of their decisions would become a necessary part of the system.

It is insisted by the plaintiff's counsel that the remedy for the error (if it was one), on the part of the referee in making this order, is by appeal, and not by motion. It may be that he has that remedy also. If the referee had power to make the order, it was probably a question of discretion, and not appealable, unless it affected a substantial right, which such an order may or may not do; but if the order was void, as I hold it to be, for want of power,—although he might have the benefit of that decision of the referee on the appeal,—he has notwithstanding the more summary and less expensive relief and remedy by motion; and such has been the practice in cases of irregularity by referees. (Holmes *a.* Slocum, 6 *How. Pr. R.*, 217.) So, too, before the amendment of 1857, in Turner *a.* Hillerline, *supra*, during the pendency of a trial before a referee, an adjournment was had to enable a motion to be made to the *court*

to strike out the name of a party. So it is seen that, in either case, the power of the court over the case remains to give the necessary relief.

The other questions raised upon the defendant's papers, I have not regarded as necessary to discuss. The motion to set aside the order made by the referee, granting leave to the plaintiff to strike out the name of Perry P. Billings as a defendant, is granted, with costs.

