## HOFFMAN a. FISH.

### Genesee County Court, 1864.

JUSTICE'S COURT.—AMENDMENT OF SUMMONS.—JUDGMENT.

A justice of the peace cannot amend a summons issued out of his court, by correcting the name of the defendant therein, after service of the summons, and the defendant not appearing.

But where he has assumed to do so, and has rendered judgment after the default of the defendant, which judgment is made a judgment of the County Court, the latter court cannot set aside the judgment.

The County Court will, however, on motion, stay plaintiff's proceedings on the judgment without prejudice to his right to bring a new action on the judgment or on the original demand.

Motion to set aside a judgment, or for a stay of proceedings.

The plaintiff, Christopher Hoffman, procured a summons to

be issued by a justice of the peace residing in the town of Bergen, in favor of said plaintiff, against *Eli H. Fisher*, defendant, requiring him to appear before the said justice at a time and place therein specified, to answer the plaintiff, &c., and delivered the same to a constable to be served.

The constable served the summons on *Eli H. Fish*, who was the intended defendant, and made the return on said summons as follows: "Personally served on Eli H. Fish, supposed to be the defendant within intended."

The defendant Fish did not appear at the return of the summons, although personally served as specified in the above-quoted return.

The plaintiff appeared before the justice at the time and place specified in said summons for the return thereof, and moved to amend the summons by inserting the name of Fish instead of Fisher, Fish being the person intended, and upon whom the summons was served (as alleged in the justice's docket of the judgment and proceeding).

The justice granted the application to amend, and the amendment was made and such proceedings were had that the justice rendered a judgment against the defendant for more than twenty-five dollars, besides costs; and the plaintiff afterwards procured from the justice a transcript of such judgment, and filed the same in the county clerk's office, of the county of Genesee, upon filing of which the said judgment was docketed in the said clerk's office, and execution issued thereon.

A motion was now made by the defendant to set aside or stay proceedings upon such judgment and execution.

*James M. Willett*, for the motion.

*Christopher Jordan*, for the plaintiff, opposed, raised preliminary objections, viz.:

*First.* The moving papers do not specify the grounds of irregularity.

*Second.* The defendant has given notice generally, such notice not specifying that the attorney appears for the purpose of the motion only.

The objections were overruled by the court, and the counsel for plaintiff excepted.

Moses Taggart, C. J.—In the case of Griswold a. Sedgwick (6 Cow., 456), the process of arrest recited that by an order made by Wm. B. Van Ness, J., in a case between Daniel S. Griswold, plaintiff, and Hill, defendant, that Griswold pay the clerk of that court $1,200 in ten days after notice of order. And whereas the said Samuel S. Griswold had neglected to comply with the order, although more than ten days had elapsed, it commanded the marshal to take the said Samuel S. Griswold, &c., and keep him in custody until he should perform the order, or until the court should make order to the contrary. Daniel S. Griswold was arrested, and brought an action for false imprisonment. *Held*, that he could sustain the action, although he was the person intended, and the name of *Samuel* was inserted by mistake.

The case of Cole a. Hindson (6 *Term.*, 243); Shadgett a. Clipson (8 *East.*, 328); Wilks a. Lorck (2 *Taunton*, 400); Scandover a. Warne (2 *Camp.*, 270); Morgan a. Bridges (1 *Barn. & Al.*, 647); are in substance to same effect. Crawford a. Satchwell (2 *Strange*, 1218), and Smith a. Bowker (1 *Mass.*, 76), held that a defendant sued by a wrong name should plead the misnomer; but it seems in both of these cases the defendant appeared.

The case of Farnham a. Hildreth (32 *Barb.*, 277), decides that a judgment and execution against Freeman Hildredth would not authorize a sale of the property of Truman Hildredth. In case of Ford a. Gardner (1 *Johns. Cas.*, 243), and several other cases, amendments have been allowed correcting the plaintiff's name.

So amendments have been allowed inserting a different name as defendants (7 *Taunton*, 295); and correcting name of defendants (2 *Bos. & Pul.*, 109); Merton a. Huste (3 *Maul. & Sel.*, 450). In all these cases, however, it will be found that the defendants upon whom process had been served appeared, thus giving the court jurisdiction of their persons.

See case of Farnham a. Hildredth, *supra*. I doubt the application of section 175 to Justices' Courts. Code, § 8 provides that part 2 of the Code is divided into fifteen titles; the first four (sections 69–120, both inclusive) relate to actions in all the

courts of the State (including of course Courts of Justices of the Peace). The others relate to actions in Supreme Court and other courts (but not including Justices' Courts).

Sections 174 and 175 are in title 7, and are not expressly applied by section 8 to Justice's Courts. So subdivision 15 of section 64 of the Code provides that the Code, so far as relates to the form of actions, parties to actions, the rules of evidence, the time of commencing actions, and the service of process on corporations, shall apply to Justice's Courts.

See Gates *a.* Ward (17 *Barb.*, 424); Webster *a.* Hopkins (11 *How. Pr.*, 148).

It is settled by various authorities that I cannot set aside, annul, or vacate the judgment. I examined that question in case of De Wolf *a.* Mook, heretofore decided by me, and my decision has been affirmed by the general term of the Supreme Court of this district, and shall direct an order like the order made in that case so far as the form of that order applies to this case, and in substance as follows:

Christopher Hoffman,
against
Eli H. Fish.

On reading and filing affidavits, and after hearing Mr. Willett, counsel for defendant; and Mr. Jordan, counsel for plaintiff, and on motion of James M. Willett, counsel for defendant: It is ordered that the plaintiff be restrained from proceeding upon the execution issued upon the judgment in this action, and from enforcing said judgment by execution thereon, without prejudice to the right of the plaintiff to proceed to enforce the said judgment, or to sue for and collect the debt or demand for the recovery of which said judgment was rendered, by action, and without prejudice to the right of the defendant to interpose any defence he may have, in any such action.

And that neither party shall have costs of this motion against the other.