JOHN GILMORE *vs.* ELIZA JACOBS, impleaded, &c.

The general power of amendment, given to courts of record in sections 172 and 173 of the Code, does not belong to justices' courts; nor do any of the general provisions in relation to the amendment of process and pleadings, contained in other parts of the Code and in the Revised Statutes, apply to justice's courts.

Where the summons, in a justice's court, is sued out and served upon two defendants, the name of one of them cannot be dropped, in the subsequent proceedings, without leave of the court. But if the justice permits the plaintiff to declare against one of two joint defendants, only, he will be deemed to have allowed an amendment of the summons, for that purpose, if he had any power to do so.

A justice of the peace has no power to grant an amendment allowing the plaintiff to strike out the name of a defendant from the summons, after service thereof, and to proceed to trial and judgment against the other defendant, alone.

THIS is an appeal from a judgment of the Cayuga county court affirming the judgment of a justice's court. The action was brought before a justice of the peace, against two defendants, viz. *Roswell R. Jacobs* and *Eliza Jacobs.* At the joining of issue, the plaintiff, in his complaint, stated that he asked leave to withdraw the name of the defendant Roswell R. Jacobs, and proceed against the defendant Eliza Jacobs. The court made no ruling striking out the name of

said defendant, or allowing the plaintiff to withdraw the same. On the adjourned day, and before any evidence had been given on the trial, the defendant, Eliza Jacobs, raised the objection that it was unlawful for the plaintiff to withdraw the name of one defendant, as he asked to do in his complaint, and proceed against the other defendant. The court overruled the objection, and proceeded to trial and judgment against Eliza Jacobs alone. Judgment was rendered by the justice, in favor of the plaintiff, against the defendant Eliza Jacobs, for $16.34, damages and costs. On appeal to the county court, the judgment was affirmed.

*H. V. Howland,* for the appellant.

*Geo. Rathbun,* for the respondent.

*By the Court,* E. DARWIN SMITH, J. The defendant had a separate estate, and her husband was without means or credit, and there is considerable evidence and, I think, a decided balance in the weight of testimony tending to show that she contracted the debt for the wood in question, and that the same was sold to her, and on the credit of her separate estate; and the jury having in effect so found by their verdict, it cannot be disturbed on the ground that it was unwarranted by the evidence. On the merits, the verdict, I think, is clearly right. The only question in respect to the correctness of the judgment is whether the plaintiff was entitled to declare at the trial against Mr. Jacobs alone; the summons for the commencement of the action having been sued out against and served upon her and her husband Russell Jacobs. The justice does not appear to have made any formal decision upon the question of allowing the plaintiff to proceed against one defendant alone, but I think he must be deemed to have allowed an amendment of the summons for that purpose, if he had any powers to do so, because he did allow the plaintiff to declare

against Mrs. Jacobs singly, notwithstanding the objection of misjoinder with her husband was made at the time, and afterwards at the trial, and proceeded to try the cause as though she were sued alone as a single defendant, and rendered judgment against her as a sole defendant. A justice's court being a court of special and limited jurisdiction, has no powers except those expressly conferred upon it by statute.

The general power of amendment given to courts of record in §§ 172 and 173 of the Code, does not belong to justices' courts, nor do any of the general provisions in relation to the amendment of process and pleadings, contained in other parts of the Code and in the Revised Statutes, apply to justices' courts. (*Webster* v. *Hopkins,* 11 *How. Pr. R.* 140. *Perkins* v. *Richmond,* 17 *id.* 312. *Gates* v. *Ward,* 17 *Barb.* 424.) In this court a plaintiff could not amend his summons, so as to leave out the name of one of the defendants, before the Code, and cannot now, without leave of the court. (*Russ* v. *Spear,* 3 *Code Rep.* 189. 1 *Code Rep.* 157 *N. S. and Dibble* v. *Mason,* 1 *id.* 37.) The name of Jacobs could not therefore be dropped in the proceedings before the justice without leave of the court, and as it was done, leave must be considered as granted. The question is, then, had the justice any power to grant such an amendment ? I cannot find that the justice has any such power. It is not expressly given to justices of the peace, in any provisions of the justices' act, and therefore justices' courts cannot possess or exercise any such power. The case of *Gates* v. *Ward,* and *Webster* v. *Hopkins,* deny such right. These are both general term decisions of this court, and we feel bound to follow them. We must therefore hold that the justice had no right to strike out the name of Russell Jacobs from the summons and sever in the action after summons served upon both the defendants; and the judgment for this reason should be reversed.

[Monroe General Term, March 4, 1867. *Welles, E. Darwin Smith* and *Johnson,* Justices.]