## EDWARD R. LOWE *v.* JOHN ROMMELL AND JACOB ROMMELL.

If too many persons are joined as defendants in an action in a District Court, the names of those improperly joined may, under § 173 of the Code of Procedure, be stricken out, and judgment entered against the others.

The cases of *Gates* v. *Ward* (17 Barb. 424), *Webster* v. *Hopkins* (11 How. Pr. 140), *Ackley* v. *Tarbox* (29 Barb. 512), and *Gilmore* v. *Jacobs* (48 Barb. 336), holding that § 173 of the Code of Procedure does not apply to justices' courts, overruled.

Where C. was improperly joined as a defendant with A. and B., and it was separately stipulated by A. and B. that the case might be tried and "judgment entered for the amount proved to be due:" *Held*, that they were thereby precluded from objecting to the dismissal of the complaint as to C., and the entry of a judgment against themselves.

Under § 366 of the Code of Procedure, providing that on appeals from justices' courts, the appellate court shall "give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits," where a person has been improperly joined as defendant in the justice's court, and the complaint has been dismissed as to him and judgment entered as to the other defendants, the appellate court will not order the proceedings to be amended by striking out the name of the defendant improperly joined (as is the proper practice in the court below), but will affirm the judgment as entered.

APPEAL from a judgment of a District Court.
The facts are fully stated in the opinion.

BY THE COURT.*—ROBINSON, J.—The defendants John and Jacob Rommell were sued in a District Court, with another defendant, Brown, in an action on an alleged contract, and the three defendants united in a defense, 1st. Of a general denial; and 2d. "That Brown acted as agent only." This latter defense was established, and the justice, instead of striking out his name as a party defendant, gave judgment of dismissal as against him, and rendered judgment for the debt against these defendants. The only error insisted upon on this appeal is, that there being a misjoinder of parties defendant, the com-

---

* Present, DALY, Ch. J., ROBINSON and LARREMORE, JJ.

plaint ought also to have been dismissed as against these defendants, and for this they rely upon the rule of the common law, that a misjoinder of plaintiffs or defendants is fatal to an action *ex contractu* (Gr. Pr. 94, 95) ; and they contend that such error is not avoided or cured by any of the provisions of the Code applicable to the subject.

By sec. 64, sub. 11, applicable to justices' and district courts, "the pleadings may be amended at any time before the trial, during the trial, or *upon appeal,* when by such amendment substantial justice will be promoted." By sec. 173, "the court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by striking out the name of any party." By §. 366, regulating such an appeal to this court, it is enacted, that "upon the hearing of the appeal, the appellate court shall give judgment *according to the justice of the case, without regard to technical errors and defects which do not affect the merits.*"

The appellants have warrant for the position assumed by them, that the rule of the common law, as above stated, prevails as to justices' and district courts, notwithstanding any of the provisions of the Code, and that § 173 is not applicable to proceedings therein, in *Gates* v. *Ward* (17 Barb. 424) ; *Webster* v. *Hopkins* (11 How. Pr. 140) ; *Ackley* v. *Tarbox* (29 Barb. 512) ; *Gilmore* v. *Jacobs,* 48 Barb. 336). The last case, decided in 1867, however, omitted any notice of the case of *Ackley* v. *Tarbox* (*supra*) on appeal to the Court of Appeals (31 N. Y. 564), decided in 1864, wherein it was held that § 173 was applicable to proceedings in justices' courts, and a misjoinder of a plaintiff might be cured by amendment, by striking out his name from the proceedings before or after judgment ; that on an appeal in an action originating and tried in a justice's court, an amendment might be made under that section ; that it was the duty of the court below, on objection, to have stricken out the name of the unnecessary party, and the court say, "It can now be done, and the judgment stand as it ought."

A like power of amendment was, in June, 1868, adjudged

by this court, in *Lowenstein* v. *Baer* (Daly, Ch. J., delivering the opinion), to belong to the district courts.

*Secondly.* These respondents, by their separate stipulation, agreed that the case might "be tried and *judgment entered for the amount proven to be due,* without prejudice to the plaintiff, that the amount of the recovery was above the jurisdiction of the court."

Under these considerations, the pleadings are amendable on appeal, if that were necessary; but as the complaint was, on defendants' motion, dismissed as to the defendant Brown, and judgment rendered against the appellants Rommell for the debt it was proven they justly owed, "the justice of the case, without regard to technical errors and defects," demands no amendment, but simply an enforcement of the judgment against the actual debtors. The judgment should be affirmed.

DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed.