## The State, ex rel. Board of Directors of the County Infirmary of Darke County, Ohio, *v*. Overman, Sheriff of Randolph County.

[No. 19,300.   Filed June 19, 1901.]

Mandamus.—*Pauper.— Insane Person.— Deportation from State.*— The board of directors of an infirmary of a county in the state of Ohio is not entitled to a writ of mandate to compel the sheriff and jailer of a county in this State to receive and imprison an insane pauper that such sheriff had secretly conveyed and released in the Ohio county.   *pp. 143-146.*

Same.—*Pauper.—Insane Person.—Deportation from State.—Constitutional Law.*—Section 2, article 4 of the United States Constitution securing to the citizens of all the states the privileges enjoyed by the citizens of each state does not authorize the board of directors of an infirmary of a county in Ohio to compel by mandamus the sheriff of a county in this State to receive an insane pauper that such sheriff had secretly conveyed and released in the Ohio county. *pp. 143-146.*

From Randolph Circuit Court; *A. O. Marsh,* Judge.

Mandamus by directors of county infirmary of Darke county, Ohio, to compel Thomas J. Overman as sheriff of Randolph county, Indiana, to receive an insane pauper into his custody.   From a judgment in favor of defendant, plaintiff appeals. *Affirmed.*

*A. L. Clark* and *Anderson & Bowman,* for appellant.
*J. W. Macy, J. P. Goodrich, A. L. Bales, Theo. Shockney* and *J. J. Cheney,* for appellee.

Dowling, J.—This was an application for a writ of mandate requiring the appellee to receive into his custody, and to detain in the jail of Randolph county, Indiana, one Roll Joseph, an insane person.   Alternative writ issued.   Demurrers to complaint and to alternative writ, because the appellant had not the legal capacity to sue, and for want of facts, sustained.   Judgment on the demurrers.   The error assigned is upon the rulings on the demurrers.

The material allegations of the complaint were these: Thomas J. Overman was, at the time of the commencement of the action, the sheriff of Randolph county, Indiana; on December 8, 1897, one David B. Strahan was his predecessor in that office, and continued to discharge its duties until succeeded by the said appellee; the relator is the board of directors of the county infirmary of Darke county, Ohio; by the provisions of §961 of the revised statutes of Ohio, the relator is a body corporate and politic by the name of the board of directors of the county infirmary of the county of Darke, in the state of Ohio, and by that name may sue and be sued in any court within said state of Ohio.

On December 8, 1897, one Roll Joseph was prosecuted upon information and affidavit in the Randolph Circuit Court, for the county of Randolph, in the State of Indiana, for the crime of burglary. A plea of insanity was filed on his behalf, and, upon the trial, the defendant was acquitted, upon the ground that he was of unsound mind at the time the offense was committed; thereupon, the court ordered that he be kept in custody until proceedings for his commitment to the Indiana Hospital for the Insane could be taken; such proceedings were had before two justices, who found and certified that Joseph was an insane person, and a proper subject for treatment at the hospital for the insane; that it was dangerous to the community to permit him to be at large; that he was held in custody in the county jail of Randolph county, and that he had a legal settlement in that county; an application was made for the admission of the said Joseph to such hospital, but he was not admitted for want of room; afterwards, the sheriff of Randolph county, who was *ex officio* its jailer, took Joseph from the jail of Randolph county, secretly conveyed him into the county of Darke, and there left him on the roadside, with no person to restrain him from injuring the persons and property of the citizens of Darke county; the sheriff of Randolph county had no warrant or other authority for his proceedings, and

State, *ex rel.*, *v.* Overman.

took them for the purpose of ridding himself and the county of Randolph of the custody, burden, and expense of taking care of Joseph, and casting that burden on Darke county; on the day Joseph was so left in Darke county, to wit, June 29, 1898, he was arrested for the malicious destruction of property in said county, and in default of bail was committed to jail on said charge to await the action of the grand jury of said county; no bill was found, however, and the release of Joseph was ordered by the court; it appearing to the court that Joseph was dangerously insane, and a pauper, that he had no legal settlement in the state of Ohio, but that he had such settlement in the county of Randolph, in the State of Indiana, the court further ordered that he be held in jail by the sheriff of Darke county as a dangerously insane person, until he could be transported to the State of Indiana; as soon as the sheriff of Darke county became aware of Joseph's condition, and of the manner in which he was brought into the said county of Darke, he tendered the said Roll Joseph to the sheriff of Randolph county, Indiana, and demanded that he receive him back into his care and custody, which the said sheriff refused to do, and as a result thereof the said Joseph may become a permanent charge upon the said county of Darke, to the damage of the relator; by the provisions of §969 of the revised statutes of Ohio, the relator, the board of directors of the county infirmary of Darke county, Ohio, may remove any person becoming a charge upon the county, who has no legal settlement in the state of Ohio, into the county and state where such person has a legal settlement.

The only question before us for determination is whether the relator is entitled to the extraordinary remedy demanded. The writ of mandate can be issued only (1) when the relator has a clear legal right to the performance of a particular act or duty at the hands of the respondent, and (2) where the law affords no other adequate or specific remedy to secure the enforcement of the right and the per-

formance of the duty which the relator seeks to coerce. High on Ex. Leg. Rem., §10.

Upon the most liberal view of the appellant's case it cannot be said that a foreign political corporation has a clear right to cause an insane and dangerous pauper, having a settlement in Indiana, to be imprisoned in a jail in the latter State. The sole purpose of this proceeding, as set forth in the complaint, is to compel the sheriff of Randolph county to receive and confine a person alleged to be insane, dangerous, and a pauper. It is possible that this may be an official duty owing to the insane person and to the citizens of Randolph county, but it is in no sense a duty owing by the sheriff of Randolph county to the board of directors of the county infirmary of Darke county, Ohio. High on Ex. Leg. Rem. §10.

The order of the court of common pleas of Darke county, Ohio, that the pauper be held by the sheriff of that county until he could be transported to the State of Indiana, had no extraterritorial effect. The order of the court did not undertake to direct what disposition should be made of the pauper after his deportation from the state of Ohio, but, if it had, it would have created no obligation on the part of the sheriff of Randolph county to execute such judgment. Counsel for the relator contend that the right of the board of directors of the county infirmary of Darke county to compel the sheriff and jailer of Randolph county to receive and imprison the insane pauper is derived from the Constitution of the United States, article 4, §2, which secures to the citizens of all the states the privileges enjoyed by the citizens of each state. But this clause has never been understood to extend to foreign corporations, or to embrace the right to maintain actions of the character of that at bar.

The several states of the Union have adopted various methods to protect themselves against the immigration of paupers from other states, but we have been referred to no case, state or federal, in which it has been held that it is

necessary or proper for one state to go into the courts of another to coerce the latter to receive and take care of its own paupers. On the contrary, it has been decided that where a statute makes it penal to bring a pauper into the state, the officers of another state, into which a pauper has been wrongfully removed, who return him to the place where he has a legal settlement, may be convicted under the statute. *Winfield* v. *Mapes,* 4 Denio 571.

We conclude, therefore, that, upon the ground that the right of the relator to compel the sheriff and jailer of Randolph county, Indiana, to receive and imprison the insane pauper was not clear, the demurrer to the complaint for want of facts might well have been sustained.

But it is equally evident that if any cause of action on the part of the relator existed, *mandamus* was not the proper remedy for its enforcement. Other adequate remedies were available by which any rights held by the relator could have been asserted and maintained. If the security of the persons and property of the citizens of Ohio required that the insane pauper should be restrained of his liberty, the laws of that state authorized his detention in prison. If the state, or any of the agencies through which it cares for its poor, were wrongfully subjected to expense for the maintenance of the insane pauper, the question of the liability of Randolph county to reimburse the state of Ohio, or the county of Darke, or the relator, for such expense could have been presented to the courts of this State by an action to recover the same. Or, it may be, that the mere removal of the poor person out of the state of Ohio would have accomplished the end desired. *Ekiu* v. *United States,* 142 U. S. 651, 12 Sup. Ct. 336, 35 L. Ed. 1146.

The statutes of the state of Ohio, defining the rights and powers of the board of directors of the county infirmary of Darke county, were not set out in the complaint, and it does not appear that this corporation had such an interest in the

subject of the action as authorized a suit in its name as relator, even if a cause of action existed.

The court did not err in sustaining the demurrers to the complaint.  Judgment affirmed.

Monks, C. J,, did not participate in this decision.