HENRY JULIAN *v.* MARY A. WOOLSEY.

REBECCA JULIAN, as Administratrix of HENRY JULIAN, Deceased, Appellant; SARAH J. WOOD, Ancillary Executrix of MARY A. WOOLSEY, Deceased, Respondent.

*A motion to set aside a judgment for non-service of the summons is not based on "irregularity."*

An objection, that a judgment was obtained in an action in which the summons was not served upon the defendant, is not an objection taken on the ground of irregularity, but goes to the validity of the judgment, and may be taken at any time.

APPEAL by Rebecca Julian, as administratrix of Henry Julian, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of December, 1894, confirming the report of a referee, and granting the motion of Sarah J. Wood, ancillary executrix of Mary A. Woolsey, deceased, to vacate and set aside the judgment heretofore granted in the above-entitled action.

*George C. Genet*, for the appellant.

*George J. Greenfield*, for the respondent.

O'BRIEN, J.:

In 1893 a motion was made to vacate a judgment entered by default on the 24th day of December, 1875, against Mary A. Woolsey, on the ground that the said defendant had never been served with the summons in the action. As appears from the judgment roll, the affidavit of service was made by one John Casey, who swore that he served the defendant Woolsey with a summons without the complaint on the 29th day of November, 1875. It is claimed that at the time of the alleged service Mary A. Woolsey was not at Staten Island, nor within this State, but was at the town of North East, Pennsylvania; and this claim is supported by several witnesses, the credibility of whose testimony is only affected by the circumstance that they are related to or connected in some way with Sarah J. Wood, who upon the death of Mary A. Woolsey became her executrix and beneficiary, and who made the motion to vacate the judgment. The original plaintiff and defendant, as well

as the plaintiff's attorney, are deceased, and the contest is now between the personal representatives of the two former. The plaintiff died October 8, 1893 ; the defendant died in the month of March, 1891. It was shown by the deposition of Casey that he had never, before or since the alleged service, seen or known the defendant Woolsey, and that she had not been introduced or identified to him by any person.

After the entry of judgment no execution was issued, or, so far as appears, notice given to Mrs. Woolsey ; in fact, no steps whatever appear to have been taken to collect the judgment from 1875 to 1891, a period of over sixteen years, although during all that time Mrs. Woolsey resided on Staten Island and had means out of which the judgment could have been collected. It is claimed that in the fall of 1889, fourteen years after the judgment was obtained, plaintiff put the matter in the hands of his lawyer, and the latter states that in 1891 he attempted to obtain leave to issue execution, but was unable to serve Mrs. Woolsey owing to her absence from Staten Island. It does not appear that Mrs. Woolsey ever had any knowledge of the existence of the judgment or notice of the proceeding to obtain leave to issue execution.

Upon turning to the complaint annexed to the judgment roll we find that the claims which are the basis of the judgment were, *first*, mutual dealings had between the parties prior to January 1, 1870, and an accounting on or about that date between them, upon which there was found to be due the plaintiff a balance of $471.67 ; and, *second*, that prior to June 1, 1870, the defendant became indebted upon an account for horses and for cash advances in the sum of $193.14. It will thus be seen that as to the larger part of this claim five years and eleven months had run, within less than a month of the time when it would have been outlawed unless sued upon. As to these accounts between the parties, no dates or items are given, and it is conceded by plaintiff that the summons was served without the complaint. And in connection with the doubt that has been created as to the validity of any claim in favor of Henry Julian, it is to be noticed that while he was still alive, and after this motion was made, Mrs. Wood, the executrix of Mrs. Woolsey, made a pointed allusion to the absence of any specifications with respect to this claim in her affidavit, which reads as follows : " I call attention

to the fact that Mr. Julian, in his affidavit, fails to state what were the dealings and transactions between himself and Mrs. Woolsey which resulted in the judgment, nor does the complaint in this action give any more satisfactory statement." Notwithstanding the challenge thus made to the good faith and validity of this claim, neither in the answering affidavits nor in the proceedings before the referee was any information given.

The failure to meet the charge thus pointedly made, that the claim itself was without foundation, naturally creates suspicion, which, when coupled with the failure for years to demand payment from Mrs. Woolsey, or to notify her of the entry of judgment, or to do anything towards enforcing it, properly throws upon the appellant the necessity of supporting the validity of the judgment. As against the assault thus made the appellant confidently relies upon the presumption which arises in favor of the judgment itself, and upon evidence which was introduced tending to show that the testimony given by certain of the respondent's witnesses was erroneous.

There is force in the suggestion of appellant, that a judgment which appears to be valid is presumptively so until successfully assailed ; and there are provisions of the Code which prevent advantage being taken of irregularities in judgments after a certain period. The claim here made, however, is not that the judgment is irregular, but that it is void because the court never obtained jurisdiction by service on the defendant. Such an objection is not to an irregularity, but goes to the validity of the judgment, and may be taken at any time. And where, as here, the judgment was so vigorously assailed, and the service which was the basis of the judgment was supported only by the affidavit and deposition of a man who had never seen, did not know, and had never been introduced to the defendant prior to the alleged service, more is required than a reliance upon the fact that the judgment appears to have been properly entered. In other words, upon the showing made by the moving party to vacate the judgment, and before the referee, the question of whether the defendant was served was fairly open as a question of fact, and, after an examination of the record and the conclusions of the referee and the learned judge, we see no reason to differ with them.

In discussing the merits of the original claim, and the failure to furnish any information in reference thereto, we do not hold that this is in any way controlling or important upon the crucial question as to whether the summons was actually served.   But where, as here, the claim is made that the whole course of the plaintiff, resulting in the entry of the judgment against Mrs. Woolsey, was fraudulent, it is a circumstance to be considered in connection with the judgment as to whether or not the latter had for its basis any real and just indebtedness.

Our conclusion is that the order should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.