### MEURER v. BERLIN.

(Supreme Court, Appellate Division, Second Department. February 11, 1903.)

1. DEFAULT JUDGMENT—VACATION—IDENTITY OF DEFENDANT—INDEM SONANS.
A default judgment entered against "Zachariah" B., the name Zachariah having been alleged by plaintiff to be fictitious and defendant's Christian name unknown, will not be vacated on motion of "Zax" B., for failure to serve summons, no effort having been made to enforce it against Zax.

Appeal from municipal court.

Action by Jacob Meurer, doing business as Meurer Bros. & Co., against Zachariah K. Berlin. From an order refusing to vacate a default judgment, Zax K. Berlin appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Joseph Rosenzweig, for appellant.
Frank L. Entwisle, for respondent.

JENKS, J. The plaintiff brought action upon a promissory note against Sam Bardler and Zachariah K. Berlin, "the name Zachariah being fictitious, real first name being unknown to plaintiff." The plaintiff did not summon Bardler, but obtained a judgment against Berlin by default. Thereafter Zax K. Berlin moved the court for vacation and cancellation of the judgment, upon his affidavit "that he was the defendant above named, that judgment was rendered against him as by a default, that he was never served with a summons herein or authorized any one to appear for him." The court denied the motion upon the ground, inter alia, that it did not appear to its satisfaction that the applicant was the defendant in the action. I think that the order may be affirmed upon this ground. It does not appear that there was any judgment entered against Zax K. Berlin. The judgment is against a Berlin named as Zachariah, which name is fictitious. It does not appear that the plaintiff has moved in any way to enforce his judgment against the affiant Zax K. Berlin. A judgment against Zachariah (fictitious) or against Zachariah would not warrant proceedings against the property of Zax. Farnham v. Hildreth, 32 Barb. 277. On the other hand, if the plaintiff really aimed his suit against the affiant, and hereafter seeks, under section 1251 of the Code of Civil Procedure, to amend the judgment, it must be upon such notice as the court may direct. An objection based upon the nonservice of the summons is not based upon an

irregularity, but strikes at the validity of the judgment, and may be heard at any time. Julian v. Woolsey, 87 Hun, 326, 34 N. Y. Supp. 321, affirmed 147 N. Y. 722, 42 N. E. 723.

Order of the municipal court affirmed, without costs. All concur.