(38 App. Div. 112.)

### PEOPLE ex rel. MAIBACH v. DUNN et al.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

HABEAS CORPUS—SUPPLEMENTAL PROCEEDINGS—COMMITMENT.

> Judgment was obtained against a defendant, designated by a fictitious name, under Code Civ. Proc. § 451, after proper service of process. On his failure to appear after being served with an order in supplementary proceedings, an order to punish him for contempt was made, describing him by the fictitious name, and a commitment issued,—both being regular on their face,—and he was arrested. *Held*, that habeas corpus was not the remedy to question the regularity of the order directing the commitment on the ground that before it was made plaintiff had discovered defendant's real name, the remedy being by motion to set it aside.

Appeal from special term, New York county.

Application by the people, on the relation of George Maibach, against Thomas J. Dunn, as sheriff of the county of New York, for a writ of habeas corpus to obtain relator's discharge from defendant's custody for contempt of an order in supplementary proceedings. From an order discharging relator, respondent and Joseph Stern and others, judgment creditors, appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

H. Nathan, for appellants.

A. J. Barrett, for respondent.

VAN BRUNT, P. J. The habeas corpus under which the relator was discharged was obtained upon the petition of Anthony J. Barrett, his attorney. It appears from the petition that an action was commenced in the municipal court of the city of New York by Joseph Stern and others against Peter Maibach and John Maibach; the names "Peter" and "John" being alleged to be fictitious. It was further alleged in the said petition that the summons and complaint were served upon George Maibach, although he never had any deal-

ings with the plaintiffs, being merely an employé of his father, Peter Maibach, who had business transactions with the plaintiffs; that such proceedings were had that a judgment was entered against Peter and John Maibach; and that subsequently an order in supplementary proceedings was served upon the relator, and, he not appearing, an order to punish him for contempt was duly made by the city court, and a commitment issued. The relator was arrested and imprisoned by the sheriff of the county of New York by virtue of this commitment, and at the time of the application for the writ the relator was in the custody of the sheriff under said commitment. The warrant of commitment recites the order of the city court in proceedings supplementary to execution wherein Joseph Stern and others were plaintiffs and judgment creditors, and Peter Maibach (the name "Peter" being fictitious, his real first name being unknown to plaintiffs) was defendant and judgment debtor. It further recites that it satisfactorily appeared to the court that the said Peter Maibach (the name "Peter" being fictitious), the judgment debtor therein, was guilty of contempt, in failing to appear for examination, and that the judgment debtor willfully and persistently disobeyed the order of the court, and disregarded the same; and it orders and adjudges that said Peter Maibach (the name "Peter" being fictitious), the judgment debtor therein, was guilty of contempt, and directs a commitment to issue to the sheriff to apprehend the judgment debtor, Peter Maibach (the name "Peter" being fictitious), and to commit him to the common jail of the county of New York. Subsequent to the return of the writ, notice of the proceedings was given, pursuant to section 2038 of the Code of Civil Procedure, to the judgment creditors, who were permitted to file a so-called return, denying each and every allegation in the petition. The relator filed a traverse to the return, denying each and every allegation in said return contained. No evidence was taken upon the issue raised or supposed to be raised by the traverse to the return, and, after hearing counsel, the court ordered the relator to be discharged from custody.

It would seem that the order was made upon the assumption that it appeared from affidavits that there was evidence tending to show that the plaintiffs had, subsequent to the commencement of the action, become aware of the real name of the defendant Maibach, and that it was irregular to continue the proceedings under the fictitious name. It is undoubtedly true that upon the return of the writ the court can inquire whether the court issuing the commitment had jurisdiction to make the order, give the judgment, or issue the process, and whether the contempt is specifically and plainly charged in the commitment. It appears that the court had jurisdiction, and that the relator was duly served with every process which was issued against him, and that the contempt is specifically and plainly charged in the commitment. The commitment being regular upon its face, and having been issued pursuant to an order of the court, and served upon the proper person, it is difficult to see how any question of irregularity, that was not jurisdictional, in the issuing of the order for commitment, or in the commitment itself, can be availed of by habeas corpus. By section 451, the plaintiffs, being

ignorant of the name of the relator, had a right to pursue him by a fictitious name; and there was no evidence before the court at the time of making the order in reference to the commitment that the plaintiffs had had any reason to know the true name of the defendant in the action. The order and commitment, therefore, were regular upon their face. If the order was inadvertently made, and was irregular, because the plaintiffs knew the real name of the relator, the remedy of the relator was to move to set aside the order directing the issuing of the commitment, upon proof to the court that the plaintiffs knew the real name of the defendant, and did not comply with the requirements of the Code, directing all subsequent proceedings after the discovery of the real name to be taken under such real name. Code Civ. Proc. § 451. We think, therefore, that the court erred in discharging the relator, that this question could not be tried upon affidavits presented upon the return of the writ of habeas corpus, that all that could be inquired into upon such proceedings was the regularity of the commitment, and that, for defects aliunde the record prior to the issuing of the commitment, the proper remedy was to move to set aside the proceedings and commitment because of such irregularity.

The order should be reversed, with costs and disbursements of this appeal, and the relator remanded to the custody of the sheriff. All concur.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

