## J. R. SMITH & CO. v. JOSEPHSON.

(City Court of New York, Special Term. October, 1907.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS.

Supplementary proceedings may be maintained against a judgment debtor on a judgment against him under a fictitious Christian name, where his real name is unknown.

Action by J. R. Smith & Co., against "Joseph" Josephson; first name being unknown. Motion to vacate order requiring judgment debtor to submit to examination in supplementary proceedings.

Richard J. Donovan, for plaintiff.

Henry L. Rupert, for defendant.

O'DWYER, C. J. The affidavit recites the recovery of judgment against "the above-named Josephson" after personal service of the summons upon said judgment debtor; that a transcript thereof was duly filed and the said judgment duly docketed in the office of the clerk of the county of New York; and that thereafter an execution upon said judgment was duly issued out of the Supreme Court by the clerk of New York county to the sheriff of the county of New York, where said judgment debtor resided and still resides, and the same has been returned wholly unsatisfied and the said judgment remains wholly unpaid. The affidavit of service recites that the affidavit and order has been served upon J. Josephson, the defendant and judgment debtor, and that the affiant knew the said J. Josephson to be the individual mentioned and described in said affidavit and order. Upon the return day a special appearance is entered for "Joseph" Josephson, first name fictitious, real name unknown to plaintiff, and motion made to vacate the order upon the ground that the execution described in the affidavit is void and that the judgment entered herein cannot be enforced. Goldberg v. Markowitz, 94 App. Div. 243, 87 N. Y. Supp. 1045, is cited as a controlling authority in support of the application.

It has been frequently decided in proceedings supplemental to execution that the regularity of the judgment or the validity of the execution cannot be questioned. Section 27, Municipal Court Act (Laws 1902, p. 1498, c. 580), provides that the summons must be addressed to the defendant by name, or, if his name be unknown, by a fictitious name, and under section 451, Code Civ. Proc., the plaintiff, being ignorant of the real name of the defendant, had a right to pursue him by a fictitious name. The case relied upon is clearly distinguishable, for in that case a marshal attempted to justify under an execution issued upon a void judgment. The case of People ex rel. Maibach v. Dunn, 38 App. Div. 112, 56 N. Y. Supp. 627, appears to be an authority for the maintenance of a proceeding supplementary to execution against a debtor whose real name is unknown, and the later case of Minsky v. Stransky (Feb. 27, 1907, affirmed May 17, 1907) 107 N. Y. Supp. 220, is a direct and controlling authority; the identical question having been presented and determined in that case.

Motion denied, without costs, and debtor directed to appear and submit to examination upon a day to be fixed in the order hereon.