## KENNEDY a. WEED AND WIFE.

*New York Common Pleas ; At Chambers, March,* 1859.

SUPPLEMENTARY PROCEEDINGS.—ERROR IN TRANSCRIPT OF JUDG-
MENT.—JURISDICTIONAL OBJECTION.

Supplementary proceedings cannot be maintained upon an affidavit which does not
truly describe the judgment.

The plaintiff having recovered judgment against Ira Weed and Mary Weed,
docketed a transcript in which the defendants were stated to be Ira Weed and
Mrs. Weed.

*Held,* that supplementary proceedings founded upon such docketed judg-
ment must be dismissed.

Such an objection goes to the jurisdiction of the judge granting the order, and
cannot be cured by amendment, nor waived by the party; but is available at
any time in the proceedings.

The defendants will not be punished for contempt for disobeying an order founded
on such an erroneous affidavit.

Order to show cause why the defendants should not be pun-
ished as for a contempt.

The facts are stated in the opinion.

HILTON, J.—It is only when a transcript of a justice's judg-
ment is filed, that it becomes a judgment of this court. (*Code,*
§ 68.) And after the return of an execution issued upon it
unsatisfied, a judge of this court may require the defendant to
appear and be examined upon supplementary proceedings.
(§ 292.)

On the return of the order granted in this case, requiring the
defendants to show cause why they should not be punished as
for a contempt in disobeying the order directing them to appear
and be examined concerning their property, it is made to ap-
pear on their behalf, that there is no such judgment docketed
against them in this court, as that described in the affidavit on
which these proceedings were instituted ; the affidavit showing

a judgment in favor of the plaintiff against "Ira Weed and Mary Weed," while the transcript docketed is of a judgment against "*Ira Weed and Mrs. Weed.*"

This seems to me to be a fatal objection, affecting the jurisdiction of the judge granting the order, and one which cannot be obviated by amendment.

The order supplementary must be predicated upon the fact that an execution has been issued on a specified and existing judgment, and returned unsatisfied in whole or in part. But when no such fact exists, the judge possesses no power to make the order for the examination of a party, or if made upon an affidavit specifying a judgment which has no existence, he can have no power to enforce obedience to its requirements.

When a special statutory jurisdiction is conferred, it must be strictly followed; and if at any stage of the proceeding it appears that the alleged facts upon which jurisdiction is based do not exist, it is the duty of the judge to dismiss the parties.

Jurisdiction in cases like the present is not a personal privilege which can be waived, nor can consent confer it; and if in any case the facts which authorize its exercise do not exist, the whole proceeding is *coram non judice*, and void. (Dudley *a*. Mayhew, 3 *Comst.*, 9.)

Motion for attachment denied.