Lawrence, J.
The judgment was obtained against August Pierz, and the order for the examination on proceedings supplementary to execution was served on Anthony Pirz. The order required the debtor to *311 appear before a referee, to be examined in Queens county, and Anthony Pirz having failed to appear, the motion is to punish him for contempt. In Farnham v. Hildreth (32 Barb. 277) it was held that a judgment and execution against Freeman Hildredth, will not authorize a sale of the property of Truman Hildreth, although the latter may be the individual intended; that the judgment and execution must describe the party whose property is sought to be taken, and it is not enough that the right man is made to pay a debt. Also, that where a defendant sued by a wrong name fails to appear in the action, he does not waive his right to object to the misnomer, after judgment and execution. This case seems decisive of this motion. Even if Anthony was the real person intended, he cannot be considered as in contempt for failing to comply with an order directed to August. This case differs from the case of Breen, which I decided last March. There Breen had appeared and defended the action; and I held that, under the circumstances, he could not complain that he was arrested on an execution in which his name was erroneously stated. Here the defendant never has appeared in response to or in any •way recognized or admitted the validity of the order.
The motion to punish Anthony Pirz for contempt, is therefore denied, but without costs.
There was no appeal.