## McGILL v. WEIL.

(Erie County Court. April 14, 1890.)

1. WRITS—AMENDMENT OF SUMMONS—DEFENDANT'S NAME.
    Code Civil Proc. N. Y. § 723, which provides that, in pursuance of justice, a court may, at any stage of the action, amend any process by correcting a mistake in the name of a party, does not authorize the court to correct a mistake as to defendant's name in the summons, unless it has in some way obtained jurisdiction of his person; and where a summons issues from justice's court against defendant by a wrong name, and he does not appear, the judgment against him is void, though before its rendition the summons was so amended as to give his true name.

2. JUDGMENT—COLLATERAL ATTACK—JURISDICTION.
    A defendant who was served with summons under a wrong name, and did not appear, may raise the question of jurisdiction in supplementary proceedings, though he has not appealed from the judgment.

Action by William D. McGill against Gustavus Weil. Plaintiff had judgment, and now moves to punish defendant for not obeying an order in supplementary proceedings.

*John T. Gardner*, for plaintiff. *Ullman & Ullman*, for defendant.

SEAVER, J. A summons was issued out of a justice's court in favor of the plaintiff, and against the defendant, by the name of Augustus Weil, and the same was personally served on defendant, Gustavus Weil. On the return-day the defendant did not appear, nor did any person in his behalf. Upon plaintiff's motion, the justice amended the summons by changing the name Augustus to that of defendant's true name, Gustavus J. Weil. Judgment was thereupon entered in favor of plaintiff against the defendant in his proper name. A transcript was filed in the county clerk's office, and execution issued, and returned unsatisfied, and an order in supplementary proceedings was granted, and defendant required to appear for examination before a referee. The defendant appeared in person and by attorney before said referee, and refused to be sworn, on the ground that the judgment was void, as the justice had no jurisdiction to change the name of the defendant in the summons from Augustus to Gustavus. An order was thereupon obtained for defendant to show cause why he should not be punished. Upon the foregoing facts, I am of the opinion that the defendant cannot be punished. The justice had no jurisdiction over the defendant. He, having been sued by a wrong name, was not bound to appear. *Gardner* v. *Kraft*, 52 How. Pr. 499; *Hoffman* v. *Fish*, 18 Abb. Pr. 76; *Farnham* v. *Hildreth*, 32 Barb. 277; *Cole* v. *Hindson*, 6 Term R. 234; *Wilks* v. *Lorck*, 2 Taunt. 400.

The plaintiff relies upon the case of *Brace* v. *Benson*, 10 Wend. 214, and cases therein cited. I do not see that this case decides anything more than that the name of a plaintiff can be changed in the process. Of course, that can be done for the justice has jurisdiction by the presence of the plaintiff. I can find no case where, in the absence of the defendant, the name of the defendant was changed in the process. The plaintiff also relies upon section 723 of the Code of Civil Procedure, which states: "The court may, upon the trial or at any other stage of the action, before or after judgment, in furtherance of justice, * * * amend any process * * * by correcting a mistake in the name of a party." Justices' courts possess the same powers in amending their proceedings that courts of record have, but section 723, however, in my judgment, does not permit any court to amend its process or proceedings by correcting a mistake in the name of a defendant, unless it has obtained in some way jurisdiction over the person of the defendant.

Section 2884 of the Code of Civil Procedure provides a way to sue a person whose true name is unknown, to-wit: "Where the plaintiff is ignorant of the name, or part of the name, of a defendant, that defendant may be designated, in the summons, * * * by a fictitious name, or by so much of his name

as is known, adding a description, identifying the person intended.   *   *   * When his name, or the remainder of his name, becomes known, the justice, before whom the action is pending, must amend," etc.  In *Crandall* v. *Beach*, 7 How. Pr. 271, Justice STRONG says: "It is not allowable to a plaintiff to use a fictitious name at his discretion, but only where he is ignorant of the true name."   In *Aaron* v. *Lee*, 11 Wkly. Dig. 528, the court says: "That where a person is sued by a fictitious name, it must appear in the summons that the name is fictitious."   Service of a summons upon a party by a wrong name does not give the court jurisdiction over his person, and his appearance cannot be compelled.   *Cole* v. *Hindson*, 6 Term R. 234.

The plaintiff also claims that the defendant should have appealed from the judgment; that he cannot now raise the question in these proceedings.   I cannot agree with the plaintiff upon this proposition.   The justice had no jurisdiction to render a judgment against the defendant, and the defendant is always at liberty to show a want of jurisdiction.   *Craig* v. *Town of Andes*, 93 N. Y. 405; *Kamp* v. *Kamp*, 59 N. Y. 215; *Ferguson* v. *Crawford*, 70 N. Y. 259; *Broadhead* v. *McConnell*, 3 Barb. 175.   The motion to punish the defendant must be denied.