JACOB MEURER, Doing Business as MEURER BROTHERS COMPANY, Respondent, *v.* "ZACHARIAH" K. BERLIN, the Name "Zachariah" being Fictitious, Appellant.

*Judgment entered by default against a defendant sued under a fictitious name — motion to vacate it denied because the moving party was not the defendant — a motion to amend the judgment must be on notice — objection of non-service of the summons.*

In an action brought against Zachariah K. Berlin it was stated that the name "Zachariah" was fictitious, and that the defendant's real first name was unknown to the plaintiff. After a judgment had been entered against Berlin by default one Zax K. Berlin moved to vacate the judgment, alleging that he was the party sued and that he had never been served with the summons and had not authorized any one to appear for him. It did not appear that any attempt had been made to enforce the judgment against Zax K. Berlin.

*Held,* that the motion was properly denied because it did not appear that Zax K. Berlin was the defendant sued;

That, unless amended, the judgment would not warrant the taking of proceedings against the property of Zax K. Berlin, and that if the plaintiff sought to amend the judgment so as to reach the property of the moving party he would be obliged to give such notice as the court should direct.

An objection to a judgment based upon the non-service of the summons is not based upon an irregularity, but strikes at the validity of the judgment and may be heard at any time.

APPEAL by the defendant, Zachariah K. Berlin, the name "Zachariah" being fictitious, from an order of the Municipal Court of the city of New York, borough of Brooklyn, entered on the 29th day of September, 1902, denying the defendant's motion for the cancellation and vacation of a judgment.

*Joseph Rosenzweig,* for the appellant.

*Frank L. Entwisle,* for the respondent.

JENKS, J. :

The plaintiff brought action upon a promissory note against Sam Bardler and Zachariah K. Berlin ("the name 'Zachariah' being fictitious, real first name being unknown to plaintiff"). The plaintiff did not summon Bardler, but obtained a judgment against Berlin by default. Thereafter Zax K. Berlin moved the court for vacation and cancellation of the judgment upon his affidavit: "That he was the defendant above named, that judgment was rendered against him as by a default, that he was never served with a

summons herein, or authorized any one to appear for him." The court denied the motion upon the ground, *inter alia*, that it did not appear to its satisfaction that the applicant was the defendant in the action. I think that the order may be affirmed upon this ground. It does not appear that there was any judgment entered against Zax K. Berlin. The judgment is against a Berlin named as Zachariah, which name is fictitious. It does not appear that the plaintiff has moved in any way to enforce his judgment against the affiant Zax K. Berlin. A judgment against Zachariah (fictitious), or against Zachariah, would not warrant proceedings against the property of Zax. (*Farnham v. Hildreth*, 32 Barb. 277.) On the other hand, if the plaintiff really aimed his suit against the affiant, and hereafter seeks under section 1251 of the Code of Civil Procedure to amend the judgment, it must be upon such notice as the court may direct. An objection based upon the non-service of the summons is not based upon an irregularity, but strikes at the validity of the judgment, and may be heard at any time. (*Julian v. Woolsey*, 87 Hun, 326; affd., 147 N. Y. 722.)

GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

Order of the Municipal Court affirmed, without costs.