GOLDBERG v. MARKOWITZ et al.

(Supreme Court, Appellate Division, First Department. May 6, 1904.)

1. JUDGMENT—PRESUMPTIONS—AGAINST WHOM RENDERED.
   Where the record of a judgment does not show against whom it was rendered, there is no presumption that it was against the defendant.

2. SAME—PARTIES APPEARING.
   Where the summons in a cause was issued against two persons, but the record of the judgment rendered names only one defendant, and shows that the defendant appeared, there is no presumption that any other defendant than the one named appeared.

3. SAME—VALIDITY OF JUDGMENT.
   A judgment that does not show against which party it was rendered is void.

4. SAME—NAMING DEFENDANT—FICTITIOUS NAME.
   Consolidation Act (Laws 1882, p. 339, c. 410) § 1297, provides that "the summons must be addressed to the defendant by name, or, if his name be unknown, by a fictitious name," etc. *Held* that, although a summons can be issued against a defendant by a fictitious name, where the real name of the defendant is unknown, no judgment can be entered which can be enforced by an execution unless the debtor is so described in the judgment that he can be identified.

5. SAME—EXECUTION—FICTITIOUS NAME.
   Consolidation Act (Laws 1882, p. 356, c. 410) § 1399, provides that an execution must direct the officer to collect the judgment from the debtor. *Held*, that an execution directing the officer to collect from J. G., "first name fictitious," was invalid.

6. SAME—EXECUTION—PROTECTION TO OFFICER.
   Consolidation Act (Laws 1882, p. 339, c. 410) § 1297, provides that "the summons must be addressed to the defendant by name, or, if his name be unknown, by a fictitious name," etc.; and section 1399 (page 356) provides that an execution must require the officer to collect from the debtor. *Held*, that where a summons was issued in a cause against J. G., "first name fictitious," but no judgment was ever rendered even against such fictitious person, and the execution directed the officer to collect from J. G., "first name fictitious," the execution was no protection to the officer.

Appeal from Trial Term, New York County.

Action by Nathan M. Goldberg against Mary Markowitz and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Herbert Goldmark, for appellant.
Abraham H. Sarasohn, for respondents.

INGRAHAM, J. The action was to recover for the conversion of certain property belonging to the plaintiff. The defendants justified the taking of the property under an execution issued under a judgment recovered by the defendant Mary Markowitz in the Municipal Court of the city of New York, which execution was delivered to the defendant Subin, who was a city marshal, and executed by him. At the end of all the evidence the defendants made a motion to direct a verdict for the defendants upon the ground that it appeared that the defendants had acted under an execution issued out of a court of competent jurisdiction against the plaintiff. The court entertained

that motion, but before determining it submitted two questions to the jury: First, what was the value of the chattels taken by the marshal under the levy? And, second, was there an excessive or unreasonable levy so made? In answer to the first question the jury found that the value of the chattels taken by the marshal under the levy was $150, and answered the second question in the affirmative; whereupon the court directed a verdict for the defendants, upon which judgment was entered, and from that judgment the plaintiff appeals.

The summons in the action in which the judgment was entered, and under which the defendants justified, was issued out of the Municipal Court of the city of New York in the Fourth District, borough of Manhattan. That summons was entitled:

"Mary Markowitz,                          Free Summons.
          Plaintiff,                      First names
     against                              being fictitious
Etta Lipsky and John Goldberg.            unknown to
          Defendants.                     plaintiff."

The certificate of the service of this summons, which was made by the defendant Subin, the city marshal, which is indorsed on the back of it, is that on the 3d day of November, 1900, he served the within summons in the city of New York "on John Goldberg, one of the within-named defendants, in person, at No. 26 Montgomery street, Manhattan, by delivering to and leaving with John Goldberg a true copy thereof, and at the same time showing the within original, and that I know the person to be one of the defendants therein named." There was evidence in the case tending to show that the plaintiff in this action was one of the persons upon whom this summons was served, and that this plaintiff appeared in the Municipal Court in answer to the summons. The record of the subsequent proceedings in the action which resulted in a judgment for the plaintiff is entitled "Markowitz against Lipsky et al.," and this is the only record of any judgment entered in the action in which a copy of the summons against John Goldberg was served upon the plaintiff, and upon which the execution under which the plaintiff's property was taken was issued. By this record it appeared that there was an action pending of Markowitz against Lipsky et al. So far as appears, Goldberg was not a party to that action. The record then recites that the plaintiff appeared in person, and that the complaint was "goods sold and delivered"; that the defendant appeared in person, and that there was a judgment for $20.25 and $1 costs; but it does not appear that this judgment was in favor of or against any one. There is no presumption, that I know of, that when a judgment is granted in an action it is in favor of the plaintiff and against the defendant; and, as the record is entirely silent as to the answer interposed by the defendant, there is no presumption that the answer did not consist of a counterclaim which would entitle the defendant to a judgment against the plaintiff. This record shows that the defendants appeared in person, but, as Lipsky was the only defendant named in this record, there is no presumption that any other defendant appeared, or that the proceeding that ended by this docket was against anybody but Lipsky. It is clear that this whole record was void, as it contained none of

the essentials to show that a valid judgment was entered against anybody; certainly not as against Nathan M. Goldberg, who is the plaintiff in this action, and whose property was taken to satisfy an execution issued upon this record.

Section 1297 of the consolidation act (chapter 410, p. 339, of the Laws of 1882) provides that "the summons must be addressed to the defendant by name, or, if his name be unknown, by a fictitious name, and must summon him to appear before the justice," etc. The marshal returned that he served the summons upon John Goldberg, the first name being a fictitious name, but that he knew him to be the defendant who was described in the summons. Assuming that this summons was regularly served on the defendant as the person intended to be sued, the judgment to be entered upon such a summons must be such a judgment as will sufficiently describe the party against whom the judgment is entered. I can find no provision of the Code or of the consolidation act applicable to district courts which prescribes a form of the judgment to be entered. Section 1382 of the consolidation act prescribes that "judgment that the action be dismissed with costs, without prejudice to a new action, shall be rendered in the following cases," then specifying them. Section 1383 prescribes the judgment that is to be given where the defendant fails to appear and answer, and section 1384 provides for a judgment after a trial of fact where a jury trial is not demanded. In that case the justice is to hear the evidence, and decide all questions of fact and law, and render judgment accordingly. By section 1392 provision is made for issuing a transcript of a judgment upon application of a party in whose favor the judgment is rendered. Section 1399 provides the requisites of an execution. It must be directed to a marshal, subscribed by the clerk of the court in which the judgment was rendered or by his successor in office, and must bear date of the day of its delivery to the officer to be executed. "It must intelligibly refer to the judgment by stating the names of the justices before whom, and the district where, and the time when rendered, and the amount of the judgment, and if less than the whole is due, the true amount due thereon. * * * (1) If it be a case where the defendant cannot be arrested, it must direct the officer to collect the amount of the judgment, or the amount due thereon, out of the personal property of the debtor, and to pay the same to the party entitled thereto." Section 1409 provides that every clerk of these courts must keep a book, denominated a "docket," in which must be entered by him the various proceedings in the action; and subdivision 8 of the section provides that there must be entered in this book the judgment of the court, its amount, and the costs in the action. Section 1410 provides that such entries in the docket, or a transcript thereof, certified by the clerk or his successor in office, with the seal of the court thereon impressed, are evidence to prove the facts as stated therein. Although there is no provision that I can find, either in the Code or the consolidation act, for the form of a judgment in these courts, yet necessarily the court, when directing judgment, must in some way specify the party against whom the judgment is directed; and until that is done it would seem to follow that there can be no

valid judgment. There was thus, so far as appears by this record, no judgment in favor of or against anybody, and the case stands in the position as if no attempt had been made to direct a judgment, and an execution had been issued without any judgment to support it. None of the cases cited by counsel for the defendants sustains this judgment. In all the cases in which an informal record was presented there was evidence that the justice actually rendered judgment in favor of the party who was seeking to enforce it, and it seems to have been held that a defective record could be cured by the oral testimony of the justice. But, as there is no evidence here that the justice ever did direct judgment in favor of anybody, or against anybody, there is no basis for an execution. The case of Stephens v. Santee, 49 N. Y. 39, is not at all in point, for there it was proved that there was a verdict of the jury in favor of the plaintiff; that the justice immediately entered the same in his docket, and forthwith taxed the plaintiff's costs and entered the costs in his docket, added the same to the verdict, and entered the amount of both in his docket, but failed to enter therein the words "judgment for plaintiff"; and it was held that, as the verdict of the jury settled the amount of the recovery and the party in whose favor that recovery was had, the failure to enter in the docket the words "judgment for plaintiff" was not fatal; that the law made a judgment for this amount the only one that could be rendered by the justice. But in that case the court say:

"When the case is tried by the justice without a jury, he is judicially to determine the amount of the recovery, and he must do this, and make an entry thereof, as required by law, within the time fixed by statute for that purpose. After the expiration of this time his judicial functions in respect to the matter cease, and he can do nothing further in the premises."

This docket itself did not upon its face show that any judgment had been rendered in favor of the plaintiff against the defendant, and there was no evidence to show that as a fact the justice did determine the question in favor of the plaintiff, and direct judgment against a person whose name was unknown to the plaintiff.

The next question presented is whether or not this execution protects the marshal in his levy under it. There is no provision that I can find that authorized a judgment to be entered against any person but the real debtor, and, although a summons can be issued against a defendant by a fictitious name where the real name of the defendant is unknown, no judgment can be entered which can be enforced by an execution unless the debtor is so described in the judgment that he can be identified, so that the execution to be issued upon the judgment can direct the marshal to collect the amount of the judgment, or the amount due thereon, out of the personal property of the debtor. It is not a compliance with this provision for an execution to direct the marshal to collect the amount due out of the separate property of the judgment debtor, John Goldberg, first name being fictitious, real name unknown to the plaintiff. This execution does not direct the marshal to collect the judgment out of the property of the debtor, but out of the property of John Goldberg, whose first name is fictitious, for the marshal could then levy on the property of any Goldberg

that he could find. This execution therefore does not comply with section 1399 of the consolidation act, and, as it recites a judgment which is in reality nonexistent, as no such judgment had ever been rendered even against the fictitious person called "John Goldberg," or against the plaintiff, it would seem to follow that the execution was void upon its face, and was no protection, either to the marshal or to any one acting under it.

It follows, therefore, that this execution did not justify the defendants' levying on the plaintiff's property, and it was error to dismiss the complaint. The jury having found the value of the plaintiff's property levied on, the plaintiff was entitled to a verdict for that amount. The judgment should therefore be reversed, and a judgment directed for the plaintiff for $150, with costs in this court and in the court below. All concur.