Matter of Proceedings Supplementary to Execution under Judgment in Favor of Frederick Rawolle et al., v. Edward L. Kalbfleisch et al.

Appeal by John C. Hamilton, purchaser, from an order of the City Court of the city of New York, denying a motion to vacate an order, made at the instance of Edward L. Kalbfleisch, Jr., a judgment debtor, setting aside a sale made to appellant by the receiver of said debtor.

Otto Horwitz, for appellant.

Yorke Allen, for respondent.

BISCHOFF, J.  A sale of the judgment debtor's interest in a certain estate having been set aside for irregularities in the proceedings and for inadequacy in the price realized, this motion was made to vacate the order setting aside the sale, the ground of the application being that the judgment debtor, when seeking that order, had no longer any interest in the fund in question — a fact which he did not then disclose.

It is not disputed that, intervening the date of the sale and of the motion to set it aside, the judgment debtor's interest in this fund had been sold at public auction, upon foreclosure of a mortgage made by the judgment debtor to one Kenyon; but it also appears that the validity of this sale is in dispute and that the judgment debtor, claiming in disaffirmance of that sale, still asserts an interest in the subject-matter.  The merits of the dispute with regard to this later sale, as between the parties to it, could not well be determined upon the present motion.  It sufficed that there was an apparently *bona fide* controversy, and this gave the judgment debtor an actual interest in the subject matter of the earlier sale; for, with the sacrifice of his interest then, if permitted, he would have lost the benefits to accrue to him should he establish his asserted equities as against the sale under the Kenyon mortgage.

The new matter, upon which the motion to vacate the order setting aside the receiver's sale was based, did not, therefore, call for the granting of the application; since the standing of the judgment debtor to invoke the court's action — depending, as it did, simply upon his possession of some interest to be protected — was not rendered infirm.

SCOTT and FITZGERALD, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.