(61 Misc. Rep. 369.)

### SIMON v. UNDERWOOD.

(City Court of New York, Special Term. December, 1908.)

1. APPEARANCE (§ 25*)—EFFECT—MISTAKE IN NAME.

   Where an order for examination of a debtor in supplementary proceedings contains a mistake in his name, but he appears and submits himself to the jurisdiction, the mistake can be corrected as a matter of course.

   [Ed. Note.—For other cases, see Appearance, Dec. Dig. § 25.*]

2. JUDGMENT (§ 101*)—DEFAULT—VALIDITY.

   Where defendant has been sued by a wrong name, a judgment by default is a nullity.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 168; Dec. Dig. § 101.*]

3. PARTIES (§ 68*)—DESIGNATION AND DESCRIPTION.

   Where a person uses two names, he may be sued by either description, and a record containing either name would be regular.

   [Ed. Note.—For other cases, see Parties, Cent. Dig. § 111; Dec. Dig. § 68.*]

4. JUDGMENT (§ 101*)—VALIDITY—ACTION—FICTITIOUS NAME OF DEFENDANT.

   Where a person has been sued by a fictitious name or by a name, part of which is designated as fictitious, the real name being unknown and the person fails to appear, a judgment thereon is irregular, unless the summons and the judgment contain a description sufficient with the identification of the defendant, as provided by Code Civ. Proc. § 451.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 168; Dec. Dig. § 101.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. EXECUTION (§ 8*)—IRREGULAR JUDGMENT.
    No execution can issue on an irregular judgment.
    [Ed. Note.—For other cases, see Execution, Cent. Dig. § 17; Dec. Dig. § 8.*]

6. EXECUTION (§ 360*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION.
    No order for examination in a supplementary proceeding can be granted on an irregular judgment.
    [Ed. Note.—For other cases, see Execution, Dec. Dig. § 360.*]

7. JUDGMENT (§ 310*)—AMENDMENT—PROPER NAME OF DEFENDANT.
    Where the proper name of defendant or judgment debtor is known, the judgment must be amended by inserting such name before any other proceedings can be had on objection made.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 601; Dec. Dig. § 310.*]

8. PARTIES (§ 73*)—DESIGNATION—FICTITIOUS NAME OF DEFENDANT.
    Plaintiff is not allowed to use a fictitious name for defendant at his discretion, but only when he is ignorant of the true name.
    [Ed. Note.—For other cases, see Parties, Cent. Dig. § 114; Dec. Dig. § 73.*]

9. EXECUTION (§ 377*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION.
    An examination in supplementary proceedings may be had where the name of defendant is given as fictitious, if there is added a description identifying the person intended.
    [Ed. Note.—For other cases, see Execution, Dec. Dig. § 377.*]

10. EXECUTION (§ 420*)—SUPPLEMENTARY PROCEEDINGS.
    Where a fictitious name is used for the defendant and the true name is thereafter discovered, the supplementary proceedings must be amended to set forth such true name.
    [Ed. Note.—For other cases, see Execution, Dec. Dig. § 420.*]

Action by Morton Simon against Henry M. Underwood. Judgment for plaintiff. Motion to dismiss an order for examination of defendant. Motion to dismiss granted.

Simon & Asher, for judgment creditor.
J. A. Lazams, for judgment debtor.

GREEN, J. This is a motion, made on behalf of a judgment debtor by his attorney appearing specially, to dismiss an order obtained for the examination of the said judgment debtor, "Henry" M. Underwood. The affidavit upon which the order for the examination in proceedings supplementary to execution was granted is entitled:

"In the matter of supplementary proceedings: Morton Simon, judgment-creditor, against Henry M. Underwood, the name of 'Henry' being fictitious, said judgment-debtor's real first name being to judgment-creditor unknown, judgment-debtor."

The affidavit recites that:

"In an action in the Municipal Court of the City of New York, borough of Manhattan, Seventh District, wherein Morton Simon was plaintiff and 'Henry' M. Underwood and 'Frank' E. Gould were defendants, a judgment was duly recovered against said 'Henry' M. Underwood, the judgment-debtor herein, on the 1st day of May, 1908."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

And then follow the usual and proper averments in such proceedings necessary and provided by law. Upon the said affidavit an order was duly made by one of the justices of this court requiring the said "Henry" M. Underwood to appear for examination on the 18th day of November, 1908. Upon the return day of the order the said judgment debtor appeared specially by counsel, and moved to dismiss the proceedings upon the grounds that the return of the process server attached to the original service on file showed service on "Henry" M. Underwood, and that the answer on file was verified by "H. M. Underwood"; that an inquest was taken on May 1, 1908; that the original and copy summons contained the names of the defendants set forth as "Frank" E. Gould, the name "Frank" being fictitious, said defendant's real first name being to plaintiff unknown, and "Henry" M. Underwood, the name "Henry" being fictitious, said defendant's real first name being to plaintiff unknown, and that the summons was not amended as to the fictitious names of the defendants "Frank" and "Henry"; that the transcript of the said judgment was filed in the county clerk's office and execution issued to the sheriff on May 5, 1908, against "Frank" E. Gould and "Henry" M. Underwood, "Frank and Henry not summoned"; that the same was returned by the sheriff unsatisfied, without stating upon which of the defendants demand was made, or whether upon one or both, and, lastly, upon the ground that the proceedings having been begun against "Henry" M. Underwood, the name "Henry" being fictitious, there was no other or further description of the defendants or either of them added sufficient to identify them or either of them, as required by section 451 of the Code of Civil Procedure.

Upon the return day in question the grounds of the judgment debtor's motion were verbally presented, and the court of its own motion adjourned the hearing thereof until the 20th day of November in order to give the said attorney for the debtor an opportunity to present an affidavit containing the matters set forth as grounds for dismissal of the order. This subject of adjournment is mentioned by the court by reason of the averment contained in the affidavit of counsel for the judgment creditor that "such motion was made on the original papers, to wit, the affidavit and order of examination, and no affidavit or other proof was submitted to the court on such application"; and, while such statement is technically true in so far as the return day is concerned, it is not a correct statement of the facts by reason of leave given to the attorney for the judgment debtor, in the presence of counsel for the judgment creditor, to submit an affidavit containing the facts as he presented them, and which affidavit has been received by the court and is part of this record and proceeding. The motion before the court to dismiss the order in the proceeding at bar for the examination of the judgment debtor upon the various grounds set forth is not difficult of determination by virtue of the numerous and manifest irregularities shown, but, as the motion involves a number of questions upon which there seems to be a total lack of judicial expression and of other questions upon which there seems to be a general lack of knowledge of members of the bar, but germane to the motion, I have deemed it expedient to examine the questions presented

at some length, to point out the authorities for the future guidance of members of the profession, and the court feels that it is performing a duty imposed by reason of the fact that there are hundreds and possibly thousands of orders presented annually to the court sitting at Special Term which are irregular upon their faces, and which would not be presented did counsel take trouble to examine the law upon the subject.

One of the questions involved herein upon which there is dearth of judicial expression (in fact I have been unable by independent search to find a single case) is as to the necessity in proceedings supplementary to execution of "adding a description identifying the person intended" to be served, when such person is designated in the summons or process or proceeding simply by a fictitious name or a name partly unknown, and when an examination of such person in proceedings supplementary to execution is required, and it is worthy of observation that in all the cases presented to the courts (and called to my attention), and arising upon the sufficiency of process or judgment wherever fictitious names have been designated, no question has ever been raised as to the insufficiency of designation in actions or proceedings wherein no description has been added identifying the person intended as required by section 451 of the Code of Civil Procedure. Section 451 of the Code of Civil Procedure provides for the use of fictitious names and for the use of unknown names as follows:

"Sec. 451. Where the plaintiff is ignorant of the name or part of the name of a defendant, he may designate that defendant, in the summons, and in any other process or proceeding in the action, by a fictitious name, or by as much of his name as is known, adding a description, identifying the person intended.

"Where the plaintiff demands judgment against an unknown person, he may designate that person as unknown, adding a description tending to identify him. In either case the person intended is thereupon regarded as a defendant in the action, and as sufficiently described therein, for all purposes including service of the summons."

It is further provided by the same section that, when the true name becomes known, an order must be made amending the proceedings by inserting the true name. Section 27 of the Municipal Court act (the judgment herein was obtained in the Municipal Court) provides that:

"The summons must be addressed to the defendant by name, or, if his name be unknown, by a fictitious name, and must summon him to appear before the court  *  *  *  to answer the complaint of the plaintiff.  *  *  *" Laws 1902, p. 1498, c. 580.

It will be observed that there is nothing in this section referring to the description for the purpose of identification of a person so designated, but section 20 of the same act provides:

"The provisions of the Code of Civil Procedure, and the rules and regulations of the Supreme Court as they may be from time to time, shall apply to the Municipal Court as far as the same can be made applicable and are not in conflict with the provisions of this act; in case of such conflict this act shall govern."

There is nothing in the provisions of section 451 of the Code in conflict with this section of the Municipal Court act, nor anything in

section 27 of the Municipal Court act inconsistent with section 451 of the Code. Section 27 of the Municipal Court act provides for the issuance of a summons to a defendant whose name is unknown by a fictitious name, and section 451 of the Code is the authority for the addition of a description for his identification for the purpose of service of process. Section 451 of the Code of Civil Procedure provides that the plaintiff may designate the defendant "in the summons and in any other process or proceeding in the action by a fictitious name, or by as much of his name as is known, adding a description identifying the person intended." This leads us to a consideration as to whether an order obtained in supplementary proceedings for the examination of a judgment debtor is a special proceeding or "proceeding in an action."

Section 2433 of the Code declares these proceedings to be special proceedings, and sections 3333 and 3334 define the difference between special proceedings and actions; but, notwithstanding this seemingly plain language of the Code, it has been held that orders in supplementary proceedings and supplementary proceedings were not "special proceedings" within the meaning of section 2433 of the Code of Civil Procedure, and that such proceedings were proceedings in an action, and that an order made in such proceeding was an order in action. Graves v. Scoville, 12 Civ. Proc. R. 167. The question arose in the case, supra, upon a motion to vacate an order obtained requiring a third party indebted to the judgment debtor to appear before a referee for examination as to such property of the judgment debtor. The inquest was obtained in the City Court of Brooklyn. The third party was a resident of New York county. The referee appointed resided in New York county, and the person required to appear was so ordered to appear before such referee in the county of the residence of the third party, to wit, in New York county. The motion to vacate the order was based upon the grounds that the order required an examination outside of the city of Brooklyn; and, second, because legal service of such order could not be made outside of the city of Brooklyn. If, however, the proceeding was an independent "special proceeding" the objections taken were good, but, if the proceedings were "in an action," then the court had power to make the order, for under the old sections of the Code relating to the City Court of Brooklyn, and under the present section of the Code (section 338), relating to the City Court of New York, an order in an action requiring the performance of an act by a party thereto may be served in any part of the state.

The court said:

"To answer this question in the negative would tend to impair the usefulness of this court and drive therefrom much business, for a judgment without the machinery for its enforcement against the property of the judgment debtor is an empty victory indeed, and is harmless to the judgment debtor, and certainly no equity appears to this court to sustain the contention of the appellant."

While it is evident that the decision rendered was one of expediency and necessary for the perfection of the procedure for the enforcement of the collection of a judgment of the City Court of Brooklyn,

nevertheless the case was presented to the Court of Appeals, which tribunal affirmed the judgment unanimously, but without opinion. Graves v. Scovil, 102 N. Y. 676.

Recently the same question was presented to the Appellate Term of this department, and while the court gave utterance to its doubts as to the soundness of the decision said that the question was now not "as one open to independent discussion," and followed the decision originally rendered and affirmed. Deane v. Sire, 48 Misc. Rep. 607, 95 N. Y. Supp. 556. See, also, Smith v. Tozer, 42 Hun, 25; Wright v. Nostrand, 94 N. Y. 45, 46. Under the rule, therefore, of stare decisis, it is now settled and accepted as the law that an order for the examination of a party in supplementary proceedings is an order in an action, and the proceedings are "proceedings in an action," and are not special proceedings within the meaning of section 3334 of the Code of Civil Procedure. Cases supra. By reverting to section 451 of the Code of Civil Procedure, we observe it provides that:

"When the plaintiff is ignorant of the name or part of the name of a defendant he may designate that defendant in the summons and in any other process or proceeding in the action by a fictitious name, or by as much of his name as is known, adding a description tending to identify him."

It having been held and declared to be the law that supplementary proceedings are "special proceedings taken in an action," it is evident that the provision of the Code (section 451) relating to fictitious names applies to orders in supplementary proceedings and persons whose names are unknown or parts of whose names are unknown may in such proceedings be designated with names fictitious, "adding a description tending to identify him."

The case of People ex rel. Maibach v. Dunn, 38 App. Div. 112, 56 N. Y. Supp. 627, has been cited as an authority for the maintenance of these proceedings without adding words of description to the fictitious name used. In that case it was held that:

"Where a commitment regular on its face has been issued in an action pursuant to an order of the court, and has been served upon the defendant who has been proceeded against under a fictitious name, and there was no evidence before the court when making the order for the commitment that the plaintiff knew the real name of the defendant, the latter cannot properly be discharged from arrest under a writ of habeas corpus. The question whether the plaintiff had knowledge of the defendant's true name should not be determined on affidavits presented on the return to a writ of habeas corpus, but upon a motion made to set aside the proceedings and commitment because of the irregularity in continuing the action under a fictitious name with knowledge of the defendant's true name, in violation of the requirements of section 451 of the Code of Civil Procedure."

The court in that case said (page 113 of 38 App. Div., page 628 of 56 N. Y. Supp.):

"It is undoubtedly true that upon the return of the writ (habeas corpus) the court can inquire whether the commitment had jurisdiction to make the order, give the judgment or issue the process, and whether the contempt is specifically and plainly charged in the commitment."

The court in that case held that the court in issuing the commitment under the fictitious name had jurisdiction, and said:

"It is difficult to see how any question of irregularity that was not juris-
dictional in the issuing of the order for commitment or in the commitment
itself can be availed of by habeas corpus."

And that:

"By section 451, the plaintiff, being ignorant of the name of the relator,
had a right to pursue him by a fictitious name."

At first blush, this case seems to support the contention so often
made at Special Term that these proceedings may be conducted
against a defendant or a judgment debtor by a fictitious name, but
careful examination shows that all that case decides is that the omis-
sion in a process, order, or summons of "adding a description tending
to identify him" of a person sued or pursued under a fictitious name
is not jurisdictional, but is only an irregularity, and cannot be avail-
able under habeas corpus.

Where the statute is explicit as to the mode of procedure in ob-
taining service upon a person whose name is unknown or partly un-
known, no length of custom is sufficient to destroy its mandate if
that custom be in derogation of its direction; and, while from time
immemorial the custom has been to add to the name of a defendant
unknown or whose name is partly known the trite phrase "real Chris-
tian name unknown to plaintiff," the paramount question is: Is such
designation without further description sufficient upon proper objec-
tion made to authorize the examination of a person so named as
defendant in proceedings supplementary to execution without "add-
ing a description tending to identify him"? as required by section
451 of the Code of Civil Procedure; for it is worthy of observation
that section 451 of the Code of Civil Procedure particularly provides
for two instances in which a fictitious name or unknown name may be
used to designate a defendant. The first is, where the plaintiff is
ignorant of the name or part of the name of a defendant he may
designate that defendant by a fictitious name or by as much of his
name as is known, "adding a description identifying the person in-
tended"; and, secondly, where he demands judgment against an un-
known person, he may designate that person as unknown, "adding a
description tending to identify him."

It is thus evident, if the plain use of English language by the Leg-
islature means anything, that, while the right to bring in a party
by a fictitious name is expressly given by the Code in order that a
party whose name is unknown or partly unknown may be brought
before the court, it is necessary that he be described in the sum-
mons or process with sufficient accuracy to identify the person in-
tended. This proposition is so self-evident as to preclude any argu-
ment that the mere description of "John" Smith, "John being ficti-
tious, real Christian name being unknown to plaintiff," is not "add-
ing a description identifying the person intended" as required by
the Code. If, however, for example, the designation were "John"
Smith, defendant, "John" being fictitious, the real Christian name
being unknown to plaintiff, said "John" Smith, named as the de-
fendant, being about 40 years old, red hair, and formerly conduct-
ing for five years a furniture business at No. 600 Third avenue, New

York City, borough of Manhattan, and residing at No. 785 First street, and being the husband of Mary Smith, residing at the same place, it could not well be doubted as to the person intended as defendant. As I understand and construe the section of the Code in question, I am of the opinion that the description necessary to be added to the fictitious name is such as would enable a reasonably intelligent person, in the exercise of the duty of the service of process, to discover by means of the description contained in the process the person for whom the process was intended, and who has thus been designated and identified by such description. There is a vast difference between suing a person by a wrong name and suing a person under a fictitious one, and much confusion exists in the minds of the members of the bar by reason of their failure to discriminate between the two.

In the case of Goldberg v. Markowitz, 94 App. Div. 237, 87 N. Y. Supp. 1045, the court held that a judgment of a district court was void when the record did not show for or against whom the judgment had been rendered. In that case two persons were made defendants and sued under fictitious names, and the marshal served one. The record showed that the action was entitled against one of the defendants, to wit, "Markowitz v. Lipsky et al."; that the defendant appeared in person; that the complaint was for goods sold and delivered; that, while the record showed Lipsky as the only defendant, the service was on Goldberg, and the court held that the whole record was void as it contained none of the essentials to show a valid judgment against anybody; and that such a judgment and execution issued thereon afforded no protection to a marshal or person levying under it. In that case, while not analogous to the case at bar, the court took occasion to lay down some principles of law applicable to the case before me. The court said:

"Assuming that this summons was regularly served on the defendant as the person intended to be sued, the judgment to be entered upon such a summons must be such a judgment as will sufficiently describe the party against whom the judgment is entered." Page 240 of 94 App. Div., page 1048 of 87 N. Y. Supp.

The court further said:

"There is no provision that I can find that authorized a judgment to be entered against any person but the real debtor, and although a summons can be issued against a defendant by a fictitious name, where the real name of the defendant is unknown, no judgment can be entered which can be enforced by an execution unless the debtor is so described in the judgment that he can be identified, so that the execution to be issued upon the judgment can direct the marshal to collect the amount of the judgment or the amount due thereon, out of the personal property of the debtor."

It is not a compliance with this provision for an execution to direct the marshal to collect the amount out of "the separate property of the judgment debtor 'John' Goldberg, first name fictitious, real name unknown to the plaintiff." This execution does not direct the marshal to collect the judgment out of the property of the debtor, but out of the property of "John" Goldberg, whose first name is fictitious, and the marshal could then levy on the property of any Goldberg

that he could find.  Goldberg v. Markowitz, 94 App. Div. 243, 87 N. Y. Supp. 1045.

Surely, if in such a case the execution be void, and the judgment from which it springs is likewise void, an order for the examination of a party on such a void judgment cannot stand.  The language of court, supra, and which bears upon the question at bar may be repeated, to wit:

"And although a summons can be issued against a defendant by a fictitious name, where the real name is unknown, no judgment can be entered which can be enforced by an execution unless the debtor is so described in the judgment that he can be identified.  If no judgment can be entered which can be enforced by execution unless the debtor is so described in the judgment, how can supplementary proceedings be legally founded on the judgment and based on an execution either before or after its service or after its issuance as provided by the Code if such judgment be irregular for failure to comply with section 451 of the Code, and if such judgment could not have been entered?"

The case of Stuyvesant v. Weil, 26 Misc. Rep. 445, 57 N. Y. Supp. 592, was an action in equity to recover the amount paid upon an executory contract for the purchase of land or for specific performance of the contract of sale.  The purchaser declined to take title upon the ground that the title was defective in that one of the defendants was named in the summons and complaint as "Emma J. Stockton," whereas her true name was "Mary J. Stockton."  She never appeared in the action, and, her true name being ascertained some time thereafter, an ex parte order was obtained amending all the proceedings by inserting the true name of the said defendant.  After the premises were duly sold by a referee named in foreclosure proceedings, surplus proceedings were had, and the said defendant appeared in the surplus proceedings and consented to an order awarding the surplus to a certain claimant.  The court at Trial Term held that, while the judgment was void for irregularity or jurisdictional defect, this was cured by her subsequent appearance in the surplus proceedings, and by consenting to the payment of the money she was estopped from questioning the validity of the judgment.  Stuyvesant v. Weil, 26 Misc. Rep. 451, 57 N. Y. Supp. 592.  But upon appeal, however, to the Appellate Division, the judgment was reversed.  Stuyvesant v. Weil, 41 App. Div. 551, 58 N. Y. Supp. 697.  In the case at Trial Term, in a lengthy opinion, the learned trial justice (now a justice of the Court of Appeals) said:

"The first objection raised by the plaintiff to the defendants' title is that the court never acquired jurisdiction of the person of Mary J. Stockton, who was the owner of the equity of redemption, and that the judgment of foreclosure and sale in Pretzfield v. Lawrence was therefore void.  In support of the contention plaintiffs' counsel cites Farnham v. Hildreth, 32 Barb. 277, Schoellkopf v. Ohmeis, 11 Misc. Rep. 253, 32 N. Y. Supp. 736, and McGill v. Weil (Co. Ct.) 10 N. Y. Supp. 246.  In the first of these cases, which was in the Supreme Court, the defendant, whose name was Truman Hildreth, was sued by the name of Freeman Hildreth.  The defendant did not appear in the action, and judgment was taken against him by default.  Execution was issued, and certain lands belonging to the defendant were sold thereunder.  The sheriff's certificate and deed recited a judgment against Truman Hildreth.  After giving of the deed and the granting of an order for a new trial, the plaintiff in the judgment obtained an ex parte order, amending 'nunc pro tunc'

the judgment roll, the docket of the judgment and the execution issued thereon, by inserting the word "Truman" wherever the word 'Freeman' occurred. It was held that this amendment did not have the effect of rendering the sale valid or of divesting the defendant of the title of the property levied on. In Schoellkopf v. Ohmeis, 11 Misc. Rep. 253, 32 N. Y. Supp. 736, in New York Common Pleas, Joseph M. Ohmeis was sued as Jacob Ohmeis. Upon the defendant's failure to appear or answer, an assessment of damages was had. A motion after judgment to amend the process and proceedings 'nunc pro tunc' by substituting the name 'Joseph M. Ohmeis' for 'Jacob Ohmeis' was denied on the ground that the court has never gained jurisdiction of the person of the defendant. In speaking of the comprehensive power of amendments given by the courts by section 723, Code Civ. Proc., the court, per Pryor, J., says: 'It cannot embrace a case of which the court has not jurisdiction, nor make valid what is void.' McGill v. Weil, supra, was a case in Justice's Court, in which 'Gustavus Weil' was sued by the name of 'Augustus Weil.' The defendant did not appear, and judgment went against him by default. An order in supplementary proceedings was thereupon issued directing said defendant to appear before a referee for examination. Upon the defendant's refusal to be sworn and be examined in said proceedings, a motion was made to punish him for contempt of court. This motion was denied upon the ground that the justice had never acquired jurisdiction of the defendant. To the same effect are Moulton v. De ma Carty, 6 Rob. 477; Abeel v. Conhyser, 42 How. Prac. 253; Gardner v. Kraft, 52 How. Prac. 499; Miller v. Foley, 28 Barb. 631; Muldoon v. Pierz, 1 Abb. N. C. 309; Wiehle v. Schwarz, 22 Jones & S. 171."

### The court further said:

"But it seems to us that this rule has no application in a case where the record clearly disclosed that the recitals upon which the judgment is based are not true, and it affirmatively appears that the court never acquired jurisdiction of the person of the defendant. It is a fundamental and necessary rule of universal application that no court can render judgment in any case where it has not acquired jurisdiction of both the subject-matter of the action and the person of the defendant. The power of amendment given to the courts by section 723, Code Civ. Proc., can only be exercised when such jurisdiction exists. The stipulation of the parties herein affirmatively establishes the fact that the only summons ever served upon Mary J. Stockton contained the name of Emma J. Stockton as a defendant. No summons was ever issued containing the name of Mary J. Stockton. The latter did not appear in the action either in person or by attorney. It will not be contended that if, under these circumstances, no amendment of the summons had ever been made, the judgment would have been valid and effectual as against this particular defendant. How does the ex parte order of the court cure the defect? Can jurisdiction of the person of a defendant be acquired by this means? We think these questions must be answered in the negative. Section 451, Code Civ. Proc., provides for the method of procedure when the plaintiff is ignorant of the name, or part of the name, of a defendant. When such a defendant is not designated as prescribed by said section, the plaintiff takes the risk of properly naming the defendant. If a defendant appears and submits himself to the jurisdiction of the court, any mistake in his name can be corrected as a matter of course. Where, in case of a mistake of a name of a defendant, he does not appear, he should be brought in by supplemental summons, as provided in section 453, Code of Civil Procedure."

### Upon appeal, however, to the Appellate Division, the court said (41 App. Div. 551, 58 N. Y. Supp. 697):

"In disposing of the objections to the title the learned trial judge below held that the failure to include the right name of the defendant Stockton was a jurisdictional defect which rendered the judgment void, and was not cured by the ex parte order amending the summons and complaint by inserting her right name. He upheld the title, however, upon the ground that she, having appeared in the surplus proceedings, was estopped, as would be those claiming

under her, from thereafter assailing the validity of the judgment of foreclosure. We cannot agree with the court below as to the effect of her having appeared in the surplus proceedings, and assented to a payment on the second mortgage."

The court further said:

"The question as to whether the failure to state the correct Christian name in the summons affects the jurisdiction of the court, and what power the court has to subsequently amend it before judgment, has been many times presented and variously decided. Although it is conceded that under the provision of the Code of Civil Procedure (section 723) the court has the right in a proper case to allow an amendment of any process, pleading, or proceeding, it is impossible to reconcile decisions bearing upon the question of just when this right may be exercised. Section 723 of the Code states: 'The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case; or, where the amendment does not change substantially the claim or defense, by conforming the pleading or other proceeding to the facts proved. And, in every stage of the action, the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party.'

"Under this broad language it is difficult exactly to define the limits beyond which the power of the court by way of amendment may not extend when it has once acquired jurisdiction, of the parties. Where the right person has been served with process and appears, the provision of the Code, supported by numerous decisions, upholds the right to exercise such power in the most liberal way by permitting amendment of the process or pleading in the name or names of the parties or in any other way required in furtherance of justice. Thus, in Munzinger v. Courier Company, 82 Hun, 575, 31 N. Y. Supp. 737, where the defendant, an unincorporated association, was sued as a corporation and the summons was served on its president, who appeared, it was held that an amendment would be allowed changing the name of the defendant as designated to its correct name, and in Weil v. Martin, 24 Hun, 645, the court, in a foreclosure suit where a person was served as a wife of one of the defendants, permitted amendment by inserting the name; but here, too, the party affected by the amendment had appeared. In the case of Carr & Hobson v. Sterling, 114 N. Y. 558, 22 N. E. 37, where the complaint was duly served and the defendant did not appear, the amount for which judgment was demanded was thereafter amended ex parte to a different figure, for which sum judgment was subsequently taken; and it was held that failure to give the defendant notice of the motion to amend was an irregularity merely. Also in Farmers' National Bank of Rome v. Williams, 9 Civ. Proc. R. 212, where the defendant had signed a note as 'W. H. Williams,' and was served in that name, and after time to answer had expired, the summons and complaint were amended by the court ex parte by inserting the name 'William' in place of the letter 'W,' it was held that the motion to set aside the order and judgment on the ground that the court had not acquired jurisdiction over William H. Williams should be denied; the defect being a mere irregularity by which the defendant was not prejudiced.

"Section 723 of the Code, however, has not been extended by the cases to the length of holding that, without the presence of a party in court and without his having been duly served with process, the court by an amendment ex parte can acquire jurisdiction over the party and thereafter proceed to a judgment which shall take away property. If property rights could be thus determined by statute, there would be slight efficacy in that provision to be found in the Constitution of the United States and of all the states that one shall not be deprived of 'life, liberty or property without due process of law.' At common law and prior to the adoption in 1876 of section 723 of the Code, the power did not exist in regard to allowing an amendment of the name or names of the parties in interest. Since that time, however, it

has been freely and liberally exercised, pursuant to section 723 of the Code. Although it is not possible to reconcile the decisions, there is a reasonable degree of consistency appearing in them with respect to the right to exercise the power of amendment in any respect, in name or otherwise, where the court has once acquired jurisdiction by the presence of the parties to be affected by the amendment.

"Here, however, the person served by the wrong name never appeared, and, unless the court obtained jurisdiction, it is difficult to determine upon what principle it could amend and thereafter proceed to determine the rights of the parties.· The mode prescribed to obtain jurisdiction is by the issuance of a summons containing the real name of the defendant and the personal service of it upon the proper person. We are, of course, speaking of the usual and ordinary mode of acquiring jurisdiction by personal service and not of the alternative which in special instances is permitted to be followed by publication or substituted service or by proceeding against the right person under a fictitious name. If, here, intending to sue Mary J. Stockton, the summons had included the name of Emma J. Brown, it would not be claimed in a suit intended to affect the former, and in which she was actually served with the summons directed to Emma J. Brown, that the court without her appearance thereby acquired jurisdiction over her. 'Emma J. Stockton' may be nearer to the name of the person intended than 'Emma J. Brown,' yet, if it is sufficient merely to have the right person served regardless of having them correctly designated in the summons, then seemingly there would be nearly as strong argument in favor of sustaining the jurisdiction of the court in one case as the other. Mary J. Stockton would be no more required to attend a summons issued as against Emma J. Stockton than she would be if it were issued against Emma J. Brown. In each instance it is directed to another person. Undoubtedly should she appear under either name, there is authority for holding that the court, having by such appearance acquired the jurisdiction, can permit an amendment by inserting the right name."

This case (Stuyvesant v. Weil, supra) was taken to the Court of Appeals and the Appellate Division was reversed and the trial court affirmed upon the ground that in that particular case the court acquired jurisdiction of the real defendant (Stuyvesant v. Weil, 167 N. Y. 421, 60 N. E. 738, 53 L. R. A. 562). In an action brought by one Jacob Meurer against Sam Bardler and Zachariah K. Berlin, "the name Zachariah being fictitious, real first name being unknown to plaintiff," plaintiff did not summon Bardler, but obtained a judgment against Berlin by default. Upon a motion made by the defendant named Zax K. Berlin to vacate the judgment, he presented an affidavit "that he was the defendant above named, that judgment was rendered against him as by a default, that he was never served with a summons therein nor authorized any one to appear for him," and the court denied the motion upon the ground that it did not appear to its satisfaction that the applicant was the defendant in the action. The court said:

"It does not appear that there was any judgment entered against Zax K. Berlin. The judgment is against a Berlin named as Zachariah, which name is fictitious. It does not appear that the plaintiff has moved in any way to enforce his judgment against the affiant, Zax K. Berlin. A judgment against Zachariah (fictitious) or against Zachariah would not warrant proceedings against the property of Zax." Meurer v. Berlin, 80 App. Div. 294, 80 N. Y. Supp. 240.

The court also pointed out in this case section 1251 of the Code of Civil Procedure providing for notice and in what manner a judg-

ment may be amended so as to properly designate the name of the debtor.

It may be well to point out while writing upon the subject that there is a difference, however, between a misnomer of plaintiff and that of a defendant in a summons. In the case of a defendant, "even if the summons comes to his notice and is actually read by him, it will not tell him that he is the defendant intended. The name not being his own, he may safely and properly disregard the process, for the name is presumably that of another. Hence there is good reason for holding that the misnomer of a defendant in the summons cannot be corrected ex parte by amendment in the event of the defendant's failure to put in an appearance in the action. He has never received the notice, actual or constructive, that he has been sued which is necessary to give the court jurisdiction to take any further steps whatever against him in the litigation." Where the plaintiff's name is a misnomer, however, and the defendant's name is correctly set forth, he is made aware that some one has called him into court, and no harm is done to the defendant, for he is put upon his guard and inquiry, and consequently there is no reason why an amendment may not be allowed ex parte to correct the name of the plaintiff, even if the defendant chooses not to appear in the action and allows judgment to go by default. Farrington v. Muchmore, 52 App. Div. 249, 65 N. Y. Supp. 432.

Where a summons is issued against a defendant by a wrong name, and he does not appear, the judgment against him is void, though before its rendition the summons was amended so as to give his true name. A defendant who was served with summons under a wrong name and does not appear may raise the question of jurisdiction in supplementary proceedings, though he has not appealed from the judgment, and he cannot be punished for contempt in failing to obey an order for his examination in proceedings supplementary to execution. McGill v. Weil (Co. Ct.) 10 N. Y. Supp. 246; Gardner v. Kraft, 52 How. Prac. 499.

I have failed to discover any case bearing upon the question involved in the case at bar and relating to proceedings supplementary to execution, and consequently the court can only reason by analogy. No judgment can be entered against any person but the real debtor, although a summons may be issued in a fictitious name, but no judgment can be entered which can be enforced unless the debtor is described in the judgment. Goldberg v. Markowitz, 94 App. Div. 242, 243, 87 N. Y. Supp. 1045.

The sections of the Code pertinent in reference to executions upon a judgment are as follows:

Section 1367 of the Code of Civil Procedure provides that:

"Where an execution is issued out of a court, other than that in which the judgment was rendered, upon filing a transcript of the judgment rendered in the latter court, it must also specify the clerk, with whom the transcript is filed, and the time of filing; and it must be made returnable to that clerk. If the judgment was rendered in a justice's court, it must specify the justice's name; and it must omit the specification, respecting the filing of the judgment roll."

Section 1368 provides:

"Sec. 1368. * * * If all the parties, against whom the judgment is rendered, are not judgment debtors, the execution must show who is the judgment debtor."

Section 1369 provides, among other things, that the execution "must, except in a case where special provision is otherwise made by law, substantially require the sheriff to satisfy the judgment out of the personal property of the judgment debtor." The execution in the case at bar does not show who is the judgment debtor nor which of the defendants are the judgment debtors, nor does it contain a description of the person or persons identifying them as the persons intended as defendants or debtors. The attorney for the judgment creditor has referred the court in support of his order for the examination of the judgment debtor to the case of Minsky v. Stransky, decided by one of the learned justices of this court (N. Y. L. J. Feb. 26, 1907), and affirmed by the Appellate Term without opinion (N. Y. L. J. May 17, 1907 [Sup.] 107 N. Y. Supp. 220). That opinion at Special Term is as follows:

"The affidavit recites the recovery of a judgment against the defendant; that the judgment was duly docketed in the office of the clerk of the Municipal Court; that thereafter a transcript of said judgment was duly filed and said judgment was duly docketed in the New York county clerk's office, and that thereafter an execution was duly issued out of the Supreme Court to the sheriff of New York county against the property of the judgment debtor, and that the same has been returned wholly unsatisfied and the judgment remains wholly unpaid; that at all times the debtor resided and still resides in said county. There is no direct proof submitted hereon as to the true name of the judgment debtor. The statement as to what he said upon the trial and what the creditors' attorney has sworn to with respect thereto does appear, but there is lacking a direct statement as to the true name. If, however, it is agreed between the parties that the true name of the debtor is 'Maurice I. Stransky,' then an order may be presented providing that the proceedings be amended and that all subsequent proceedings be taken under the true name. Motion denied, with $10 costs and debtor directed to appear and submit to examination on a day to be fixed in the order hereon. Settle order on one day's notice."

That opinion is not inconsistent with nor opposed to the disposition I am about to make of this motion, for the justice had a perfect right to amend the proceedings by the insertion of the true name when discovered, and as a matter of fact such amendment must be made when the true name is known under and by section 451 of the Code of Civil Procedure.

I am also referred to a decision of the same learned justice in the case of Smith & Co. v. Josephson, 56 Misc. Rep. 120, 107 N. Y. Supp. 221, as controlling upon this motion, and which seems as to some of the facts to be on all fours with the case at bar. I have the greatest respect for the learning and ability of my Brother Justice who wrote the opinion in that case, but I am unable to agree with his conclusion. My learned Brother correctly states that under section 27 of the Municipal Court act a defendant may be summoned under a fictitious name and under section 451 of the Code may be pursued un-

der a fictitious name, but he omitted to refer to what, in my opinion, is the very basis of the right to sue and pursue a defendant under a fictitious name; that is, the same section of the Code which makes provision for adding to the fictitious name a description identifying the person intended to be made the party defendant and the person to be served. This point was not raised before him, nor was it adverted to in his opinion, and my learned associate based his decision in the case of Smith & Co. v. Josephson, supra, upon the affirmance of the order by the Appellate Term of the Supreme Court, made by him in the case of Minsky v. Stransky, N. Y. L. J. Feb. 26, 1907, affirmed May 17, 1907; N. Y. L. J. May 17, 1907 (Sup.) 107 N. Y. Supp. 220; but I am of the opinion that the two cases are not analogous. In the Minsky Case the proceedings were amended. In the Smith Case no such amendment was made. Where an order for an examination in supplementary proceedings was predicated upon an affidavit which recited a judgment against "Ira Weed and Mary Weed," and the judgment is against "Ira Weed and Mrs. Weed," an objection to the order is fatal, and cannot be obviated by amendment. Kennedy v. Weed, 10 Abb. Prac. 62. "The judgment and execution must describe the party whose property is sought to be taken, and it is not enough that the right man is made to pay the debt." Farnham v. Hildreth, 32 Barb. 279.

After examining all the facts in the case at bar and the authorities upon the question, I have deduced the following rules of law applicable to the questions under consideration:

(1) If a defendant appear and submit himself to the jurisdiction of the court, any mistake in his name can be corrected as a matter of course. Stuyvesant v. Weil, 26 Misc. Rep. 451, 57 N. Y. Supp. 592, 41 App. Div. 558, 58 N. Y. Supp. 697.

(2) Where a defendant has been sued by a wrong name, the judgment taken by default is a nullity. People ex rel. Aldhouse v. McCarthy, 41 Misc. Rep. 430, 84 N..Y. Supp. 1062; Stuyvesant v. Weil, 41 App. Div. 556, 58 N. Y. Supp. 697.

(3) Where a person uses two names such as "Herbert Aldhouse" or "Herbert Oldhaus," he may be sued by either description, and such a record containing either name would be regular. People ex rel. Aldhouse v. McCarthy, 41 Misc. Rep. 430, 84 N. Y. Supp. 1062.

(4) That where a person has been sued by a fictitious name or by a name part of which is designated as fictitious, real name being unknown, and the person fails to appear, a judgment predicated thereon is irregular, unless the summons and the judgment contain a description sufficient for the identification of the defendant for the purpose of having execution against the property of the debtor thus described.

(5) That such a judgment is not void, but irregular, and no execution may be issued upon such a judgment, nor may an order for examination in supplementary proceedings be granted thereon upon such a judgment.

(6) That, when the proper name of the defendant or judgment debtor is known, the judgment proceedings must be amended by inserting the proper names before any further proceedings can be had if objection be made.

(7) That plaintiff is not allowed to use a fictitious name at his discretion, but only where he is ignorant of the true name of the defendant.

(8) That an examination in proceedings supplementary to execution may be had where the name of the defendant is given as fictitious, providing there is added to the fictitious name a description of the person sufficient to identify the person intended, but that where the true name is known the proceedings must be amended.

I have given this consideration to the question presented on account of the countless instances in which the matter is presented to the justices from whom such orders are obtained, and from the further fact of the seeming lack of knowledge or information of attorneys upon the subject, and this decision may be the means of effectually settling the practice in the future. I am, therefore, of the opinion that the objections made by counsel for the judgment debtor are good, and should be sustained. The motion to dismiss the proceedings is therefore granted, but, with the hope that this matter may be presented to the Appellate Term of the Supreme Court for final disposition and guidance, it is granted, without costs.

Ordered accordingly.