KIAMESHA CONCORD, INC., Plaintiff, *v.* "HENRY" PULLMAN, Defendant.

Supreme Court, Special Term, New York County, October 24, 1966.

*Bernstein & Bernstein* (*Aaron D. Bernstein* of counsel), for plaintiff.

MATTHEW M. LEVY, J. In the case at bar, a suit was instituted, a judgment was obtained and supplementary proceedings were brought against " 'Henry' Pullman, first name fictitious, true first name unknown ", without further identification. On the defendant's default in the supplementary proceedings, the judgment creditor moved to punish the defendant for contempt, naming the respondent on the motion in the same fashion as theretofore. The defendant did not appear. A proposed order has now been submitted, and its pertinent provisions are as follows:

(1) That " ' Henry ' Pullman, etc., the defendant herein, is guilty of a contempt of court ''; (2) that " the defendant ' Henry ' Pullman, etc., be and he hereby is fined '' the amount of the judgment, with the opportunity to purge upon appearance for examination; and (3) upon affidavit proof that he failed to appear therefor or pay the fine, " an application may be made ex parte for an order of commitment directing the Sheriff * * * to seize and arrest the said ' Henry ' Pullman, etc., and confine him to the County Jail until he shall pay the fine herein imposed, together with legal fees of the Sheriff, or is otherwise discharged according to law.''

In my view, the Sheriff should not be mandated to arrest a " ' Henry ' Pullman, etc.'' (cf. *Goldberg* v. *Markowitz,* 94 App. Div. 237, 243, affd. 182 N. Y. 540). There is obvious inadequate description of the person against whom the proceedings were instituted and the order is directed. As a consequence, I hold that the proposed order must be and it hereby is rejected.

I have been unable to unearth any recent cases in point, but I did find that, as long ago as 1908, it was held, in a comprehensive nisi prius opinion, that, where the name of a defandant is given in the process as unknown, there must be " added to the fictitious name a description of the person sufficient to identify the person intended '' (*Simon* v. *Underwood,* 61 Misc. 369, 391).

At that time section 451 of the Code of Civil Procedure was in force. That statute, entitled " Unknown defendant '', read, in pertinent part, as follows: " Where the plaintiff is ignorant of the name or part of the name of a defendant, he may designate that defendant, in the summons, and in any other process or proceeding in the action, by a fictitious name, or by as much of his name as is known, adding a description identifying the person intended.''

Section 451 of the code was the forerunner of section 215 of the Civil Practice Act, from which, in turn, CPLR 1024, referring to " Unknown parties '', is derived. It is there stated that: " A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known.''

Professor Kochery states that the CPLR section " simplifies its predecessor '', and that " No change is contemplated from the former practice '' (McKinney's Cons. Laws of N. Y., Book 7B, CPLR 1024, p. 465). A standard text also concludes that " This section does not create any additional substantive or procedural rights; its use is merely a matter of procedural convenience '' (2 Weinstein-Korn-Miller, N. Y. Civ. Prac.,

par. 1024.01). I, too, am of the opinion that the change in legislative language did not effectuate a change in substance on the issue here involved.

Since the submission of the motion to punish and the presentation of the plaintiff's proposed order, and the preparation of this memorandum, the judgment creditor's attorney has informed me that he now knows the defendant's full correct name. That being so, I direct counsel's attention to the other provision contained in CPLR 1024: "If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly."

This appears to be a significant change in the required procedure under the Civil Practice Act. Section 215 thereof provided that: "When the name or the remainder of the name or the person becomes known, an order must be made by the court upon such notice, with or without terms, as it prescribes, that the proceedings already taken be deemed amended by the insertion of the true name in place of the fictitious name or part of a name or the designation as an unknown person, and that all subsequent proceedings be taken under the true name."

Notwithstanding the omission of this clause in the CPLR as a mandatory matter, I shall invoke it as a discretionary addendum to the statute now in effect, so as to facilitate a present disposition and avoid subsequent difficulty in the litigation. In my view, in the case at bar, the direction contained in CPLR 1024 should be exercised and the permission therein granted should be enjoyed only after an order has been entered in accordance therewith upon due notice to the party involved. Thus only will orderly procedure be assured and not assumed.