KIAMESHA CONCORD, INC., Plaintiff, *v.* " HENRY " PULLMAN, Defendant.

Supreme Court, Special Term, New York County, November 29, 1966.

*Bernstein & Bernstein (Aaron D. Bernstein* of counsel), for plaintiff.

MATTHEW M. LEVY, J. The plaintiff's third proposed order is rejected. It is not appropriate to punish the defendant for contempt on the present record.

Not only was a fictitious name used without adequate identification of the judgment debtor (see my opinion herein dated October 24, 1966, 52 Misc 2d 210) but a notice of motion was not served nor was consent obtained to correct the title and proceedings, as directed in my memorandum decision herein dated November 2, 1966.*

There is indicated here, moreover, a substantive objection that must be adverted to. In the case at bar, the judgment creditor appears to have had full opportunity — were that desired — to examine the judgment debtor as to his assets; but, in their negotiations with the debtor, the creditor's attorneys seem rather

---

* This decision reads as follows: "The proposed order now submitted by plaintiff, which does contain defendant's correct name, must nevertheless be rejected. It was submitted without notice to defendant. Plaintiff should in any event proceed by way of notice of motion (or by stipulated consent) in accordance with my prior decision herein (see *Kiamesha Concord* v. *Pullman,* 52 Misc 2d 210) ".

to have made other arrangements. A settlement agreement appears to have been entered into by the judgment creditor, and presumably payments were made by the judgment debtor in pursuance thereof. As I see the present situation, therefore, there might well have been a waiver by the judgment creditor of the default complained of.

Section 753 of the Judiciary Law provides for the power of the court to punish for a civil contempt in case "either [of] a neglect, violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced" including the case of "A person subpœnaed as a witness, for refusing or neglecting to obey the subpœna, or to attend, or to be sworn, or to answer as a witness". (See, also, CPLR 5210, 5223.) I do not find that the defendant has so misconducted himself as to prejudice the creditor's rights or remedies.

The judgment creditor's procedure is not impermissible when all that is outstanding is a notice or order to appear for examination, which may, of course, be adjourned from time to time as the parties agree, pending intermittent payments on account or complete satisfaction of the judgment. But I do not consider it meet, in the circumstances here disclosed, to sign an order of punishment threatening incarceration — as a judicial Sword of Damocles menacingly hanging over the head of the judgment debtor — while periodic payments as stipulated are being made by him.

Imprisonment for debt is not an American way of life. And I shall not sanction a constant apprehension of arrest as a means of effectuating payment. The essential function of the disclosure provisions of article 52 of the CPLR, providing for "Enforcement of Money Judgments", is not to make the debtor available for a body execution, but to require him to submit to examination for purposes of execution on his property.

In the light of the situation in the case at bar, I recall my decision of August 31, 1966, granting on default the plaintiff's motion to punish the defendant for contempt, and I do hereby vacate the same. At the time that the motion was submitted, the defendant's nonappearance (if such it was), which resulted in the granting of the motion to punish him for contempt, involved a failure on his part to submit to examination as to his assets, not the matter of his obligation to pay the judgment.

This disposition is without prejudice to the institution anew of proper supplementary proceedings to examine the judgment debtor.